

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 10, 2019

BY CM/ECF

The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    United States v. Anilesh Ahuja, et al.
             18 Cr. 328 (KPF)

Dear Judge Failla:

        The Government respectfully writes in opposition to defendant Anilesh Ahuja's motion, dated April 8, 2019, seeking an order compelling the Government to request from a cooperating witness, Amin Majidi, emails from his personal email account as to which Ahuja has also served Majidi with a Rule 17(c) subpoena, and to review and produce any such emails as appropriate. Although the Government does not have an obligation to obtain emails from Majidi's personal email account, as those emails are outside of the Government's possession, custody, or control, *see, e.g.*, Fed. R. Cr. P. 16(a)(1)(E); *United States v. Meregildo*, 920 F. Supp. 2d 434, 444 (S.D.N.Y. 2013) ("cooperating witnesses are rarely members of the prosecution team"), *aff'd sub nom. United States v. Pierce*, 785 F.3d 832 (2d Cir. 2015) (citation omitted); *United States v. Mejia*, 448 F.3d 436, 444-45 (D.C. Cir. 2006) (observing distinction between what the Government has a right to obtain and what it actually controls); *United States v. Gatto*, 763 F.2d 1040, 1047-49 (9th Cir. 1985) (rejecting defendant's efforts to add "a due diligence constructive possession or control addition to [Rule 16]"), the Court does not need to reach that question in this case, because Ahuja's motion should be denied as moot.

        As reflected in Ahuja's motion, the Government had previously informed Ahuja that it would make a determination by approximately April 15 as to whether it would request from Majidi any emails from Majidi's personal email account that have not already been produced. On April 10, the Government was informed by counsel for Majidi that based on their review of their client's personal email account, which is still ongoing, counsel expect there to be approximately several hundred electronic communications on Majidi's personal email account that are responsive to Ahuja's Rule 17(c) subpoena and have not already been produced (the "Responsive Communications"). Counsel for Majidi expect their review to be complete by no later than approximately April 12. Based on the representations of Majidi's counsel about the timing of their review and the likely quantity of responsive communications, the Government intends to request

from counsel for Majidi on April 12 that counsel produce the Responsive Communications to the Government.  The Government's understanding from Majidi's counsel is that the Government would then be able to receive the Responsive Communications by no later than approximately April 19.  The Government further understands that counsel for Majidi will produce the Responsive Communications to defendants Ahuja and Shor at the same time that the Responsive Communications are produced to the Government.

For the foregoing reasons, the Government respectfully requests that Ahuja's motion be denied as moot, without prejudice to renewal if the Government and defense counsel do not receive the Responsive Communications by April 19.

Respectfully submitted,

AUDREY STRAUSS
Attorney for the United States,
Acting Under Authority Conferred by
28 U.S.C. § 515


By: ____/s/_____
Andrea M. Griswold
Joshua A. Naftalis
Max Nicholas
Assistant United States Attorneys
(212) 637-1205/2310/1565

cc:      All counsel (by ECF)