

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 2, 2019

<u>VIA CM/ECF</u>

The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    <u>United States v. Anilesh Ahuja, et al.</u>,
               S1 18 Cr. 328 (KPF)

Dear Judge Failla:

      The Government respectfully moves to preclude the defendants Anilesh Ahuja and Jeremy Shor from introducing evidence at trial that is currently in their possession or control that they have not previously produced to the Government, pursuant to Rule 16(b).

      Beginning on June 12, 2018, the Government began to make written requests for reciprocal Rule 16(b) discovery from the defendants. Pursuant to the parties' agreed-upon disclosure schedule, which the Court so-ordered, the defendants were required to produce reciprocal Rule 16(b) discovery in their possession by April 1, 2019 — approximately two months before trial. (Dkt. 113).[1] To date, the defendants have produced no Rule 16(b) discovery to the Government, other than pointing the Government to certain limited materials they produced prior to the May 2018 Indictment in response to Grand Jury and SEC subpoenas. As recently as April 1, 2019, the defendants each indicated in writing that they did not possess any additional Rule 16(b) materials. And on April 22, 2019, Ahuja declined to produce any additional Rule 16(b) discovery, writing "we have yet not made final determinations as to which communications, if any, we anticipate introducing in the defense's case-in-chief."

      Rule 16(b) imposes reciprocal discovery obligations on the defense. Rule 16(b) requires the defense to disclose, among other things, "documents, data, [and] tangible objects" . . . within the defendant's possession, custody, or control" that "the defendant intends to use . . . in [his] case-in-chief at trial." The term "case-in-chief" in Rule 16(b) applies not only to exhibits offered in any defense case, but also to "all non-impeachment exhibits [the defendants] intend to use in their defense at trial, whether the exhibits will be introduced through a government witness or a witness called by the defendant." *United States* v. *Napout*, 2017 WL 6375729, at *7 (E.D.N.Y.

---

[1] Under this disclosure schedule, the defendants are required to provide their respective exhibit lists by May 24, 2019.

Dec. 12, 2017) (noting "this interpretation of Rule 16 has been adopted by almost every district court to consider the issue" (collecting cases)).

Additionally, where each defendant has availed himself of the strategy of obtaining discovery from the Government, he cannot postpone reciprocal discovery to the Government out of a desire to obtain more information about the Government's case before deciding on what his trial strategy will be. *See United States* v. *Rajaratnam,* 2011 WL 723530, at *5 (S.D.N.Y. Feb. 25, 2011) ("A defendant would always like more information about the government's case before revealing anything about his or her own, but Rule 16 conditions a defendant's disclosure obligations on the government's having made certain specified disclosures, not on the government's laying open its entire case or the defendant's satisfaction."); *United States* v. *Ryan,* 448 F. Supp. 810, 810 (S.D.N.Y. 1978) (rejecting defendant's argument that he was not obligated to provide reciprocal discovery that he might offer on his direct examination because he was allegedly not yet in a position to make key trial strategy decisions such as whether or not he would testify: "[s]ince the defendant has availed himself of the strategy to obtain discovery of the government," the court concluded that "he must comply with the requirement for reciprocal discovery"), *aff'd*, 594 F.2d 853 (2d Cir. 1978).

*United States* v. *Galanis*, 16 Cr. 371 (RA) (S.D.N.Y.), is instructive. There, Judge Abrams imposed a Rule 16(b) deadline of one month before trial with two "potential exceptions":

> One, the defendants may use material that they come to [possess] after that date so long as they produce the materials to the government as expeditiously as possible;
>
> Two, that the defendants may be permitted to use materials that are in their possession but which are not disclosed prior to the deadline if it was not reasonably foreseeable that such evidence might be useful at trial. This second category will likely necessitate a case-by-case assessment by me at trial.

(Mar. 6, 2018 Tr. 38, *United States* v. *Galanis*, 16 Cr. 371 (RA) (S.D.N.Y.) (Ex. A hereto)).

Because the Court imposed a Rule 16(b) deadline of April 1, 2019, the Government respectfully requests that the defendants be precluded from offering any evidence in their possession or control not previously produced to the Government, subject to the two exceptions Judge Abrams applied in *Galanis*. *See also* Fed. R. Crim. P. 16(d)(2)(C) ("If a party fails to comply with this rule, the court may . . . prohibit that party from introducing the undisclosed evidence"); Sept. 1, 2016 Tr. 32-33, *United States* v. *Hirst*, 15 Cr. 643 (PKC) (S.D.N.Y.) (Ex. B. hereto) (setting Rule 16(b) disclosure deadline by which the defendant was required to produce "[a]ny document in the *possession or control* of the defendant which the defendant seeks to offer in its case in chief"; precluding the defendant from offering at trial any document not produced to the Government by that deadline) (emphasis added).

        Respectfully submitted,

        AUDREY STRAUSS
        Attorney for the United States
        Acting Under Authority Conferred by
        28 U.S.C. § 515

By: /s/ _____
        Andrea M. Griswold
        Joshua A. Naftalis
        Max Nicholas
        Assistant United States Attorneys
        (212) 637-1205/2310/1565

Enclosure

cc: Defense Counsel