UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| UNITED STATES OF AMERICA | |
|---|---|
| v. | 18 Cr. 328 (KPF) |
| ANILESH AHUJA and JEREMY SHOR, | ORDER |
| Defendants. | |

KATHERINE POLK FAILLA, District Judge:

This Order resolves the Government's motion "to preclude the defendants Anilesh Ahuja and Jeremy Shor from introducing evidence at trial that is currently in their possession or control that they have not previously produced to the Government, pursuant to [Federal Rule of Criminal Procedure] 16(b)." (Dkt. #139). The motion is denied without prejudice to its renewal at a later date, if and as appropriate.

Counsel for each Defendant has advised the Court and the Government that they are aware of and have complied with their Rule 16(b) obligations. Counsel for Defendant Ahuja represents that "we have not made a determination as to whether we will present a case-in-chief at trial, let alone which documents we intend to use if we do." (R. Finzi Letter of May 6, 2019; see also id. ("[T]he defense is reviewing the government's latest disclosures and continuing to make good faith determinations on evidence (if any) it intends to use in any case-in-chief it presents at trial, and will promptly update its disclosures accordingly.")). Counsel for Ahuja further advised the Court of productions that Defendant Ahuja has made (and that PPI has made), as well as the upcoming disclosure of Defendant's exhibit list. (*Id.*). Counsel for

Defendant Shor similarly represents that they are aware of, and have complied with, their Rule 16(b) obligations. (Dkt. #140; *see also id.* ("To the extent Mr. Shor comes into possession of additional evidence that he intends to use in his case-in-chief at trial, we will make prompt disclosure of those materials.")).

On this record, the Court finds no basis to impose *ex ante* preclusion of documents, and for this reason finds the *Galanis* and *Hirst* cases cited by the Government to be of limited utility. Counsel for both Defendants have represented as officers of the court their knowledge of, and compliance with, Rule 16(b); counsel for Defendant Ahuja has gone further, disclaiming a final decision as to whether he will even present a case-in-chief. If circumstances change, and it appears to the Court that these representations have been false or materially misleading, the Government may renew its motion. The Court retains the power to impose a range of penalties for noncompliance under Rule 16(d).

SO ORDERED.

Dated:   May 9, 2019
         New York, New York

                                            KATHERINE POLK FAILLA
                                            United States District Judge