**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

LLOYD K. GARRISON (1946-1991)
RANDOLPH E. PAUL (1946-1956)
SIMON H. RIFKIND (1950-1995)
LOUIS S. WEISS (1927-1950)
JOHN F. WHARTON (1927-1977)

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

HONG KONG CLUB BUILDING, 12TH FLOOR
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

WRITER'S DIRECT DIAL NUMBER
(212) 373-3311

WRITER'S DIRECT FACSIMILE
(212) 492-0311

WRITER'S DIRECT E-MAIL ADDRESS
rfinzi@paulweiss.com

MATTHEW W. ABBOTT
EDWARD T. ACKERMAN
JACOB A. ADLERSTEIN
JUSTIN ANDERSON
ALLAN J. ARFFA
ROBERT A. ATKINS
DAVID J. BALL
SCOTT A. BARSHAY
PAUL M. BASTA
JOHN F. BAUGHMAN
J. STEVEN BAUGHMAN
LYNN B. BAYARD
CRAIG A. BENSON
MITCHELL L. BERG
MARK S. BERGMAN
DAVID M. BERNICK
JOSEPH J. BIAL
BRUCE BIRENBOIM
H. CHRISTOPHER BOEHNING
ANGELO BONVINO
ROBERT BRITTON
DAVID W. BROWN
SUSANNA M. BUERGEL
PATRICK S. CAMPBELL*
JESSICA S. CAREY
DAVID CARMONA
JEANETTE K. CHAN
GEOFFREY R. CHEPIGA
ELLEN N. CHING
WILLIAM A. CLAREMAN
LEWIS R. CLAYTON
YAHONNES CLEARY
JAY COHEN
KELLEY A. CORNISH
CHRISTOPHER J. CUMMINGS
THOMAS V. DE LA BASTIDE III
ARIEL J. DECKELBAUM
ALICE BELISLE EATON
ANDREW J. EHRLICH
GREGORY A. EZRING
ROSS A. FIELDSTON
BRAD J. FINKELSTEIN
BRIAN P. FINNEGAN
ROBERTO FINZI
PETER E. FISCH
HARRIS FISCHMAN
MARTIN FLUMENBAUM
ANDREW J. FOLEY
ANDREW J. FORMAN*
HARRIS B. FREIDUS
CHRISTOPHER D. FREY
MANUEL S. FREY
ANDREW L. GAINES
KENNETH A. GALLO
MICHAEL E. GERTZMAN
ADAM M. GIVERTZ
SALVATORE GOGLIORMELLA
NEIL GOLDMAN
MATTHEW B. GOLDSTEIN
ROBERTO J. GONZALEZ*
CATHERINE L. GOODALL
ERIC GOODISON
CHARLES H. GOOGE, JR.
ANDREW G. GORDON
BRIAN S. GRIEVE
UDI GROFMAN
NICHOLAS GROOMBRIDGE
BRUCE A. GUTENPLAN
ALAN S. HALPERIN
CLAUDIA HAMMERMAN
BRIAN S. HERMANN
MICHELE HIRSHMAN
DAVID S. HUNTINGTON
AMRAN HUSSEIN
LORETTA A. IPPOLITO
JAREN JANGHORBANI
BRIAN M. JANSON
JEH C. JOHNSON
MEREDITH J. KANE

JONATHAN S. KANTER
BRAD S. KARP
PATRICK N. KARSNITZ
JOHN C. KENNEDY
BRIAN KIM
KYLE J. KIMPLER
DAVID M. KLEIN
ALAN W. KORNBERG
DANIEL J. KRAMER
DAVID K. LAKHDHIR
JOHN E. LANGE
GREGORY F. LAUFER
BRIAN C. LAVIN
XIAOYU GREG LIU
JEFFREY D. MARELL
MARCO V. MASOTTI
DAVID W. MAYO
ELIZABETH R. MCCOLM
ALVARO MEMBRILLERA
MARK F. MENDELSOHN
CLAUDINE MEREDITH-GOUJON
WILLIAM B. MICHAEL
JUDIE NG SHORTELL*
CATHERINE NYARADY
JANE B. O'BRIEN
ALEX YOUNG K. OH
BRAD R. OKUN
KELLEY D. PARKER
LINDSAY B. PARKS
VALERIE E. RADWANER
JEFFREY J. RECHER
CARL L. REISNER
LORIN L. REISNER
WALTER G. RICCIARDI
WALTER RIEMAN
RICHARD A. ROSEN
ANDREW N. ROSENBERG
JUSTIN ROSENBERG
JACQUELINE P. RUBIN
CHARLES F. "RICK" RULE*
RAPHAEL M. RUSSO
ELIZABETH M. SACKSTEDER
JEFFREY D. SAFERSTEIN
JEFFREY B. SAMUELS
TERRY E. SCHIMEK
KENNETH M. SCHNEIDER
ROBERT B. SCHUMER
JOHN M. SCOTT
BRIAN SCRIVANI
KANNON K. SHANMUGAM*
DAVID R. SICULAR
AUDRA J. SOLOWAY
SCOTT M. SONTAG
TARUN M. STEWART
ERIC ALAN STONE
AIDAN SYNNOTT
RICHARD C. TARLOWE
MONICA K. THURMOND
DANIEL J. TOAL
CONRAD VAN LOGGERENBERG
LIZA M. VELAZQUEZ
MICHAEL VOGEL
RAMY J. WAHBEH
LAWRENCE G. WEE
THEODORE V. WELLS, JR.
LINDSEY L. WIERSMA
STEVEN J. WILLIAMS
LAWRENCE I. WITDORCHIC
MARK B. WLAZLO
JULIA TARVER MASON WOOD
JENNIFER H. WU
BETTY YAP*
JORDAN E. YARETT
KAYE N. YOSHINO
TONG YU
TRACEY A. ZACCONE
TAURIE M. ZEITZER
T. ROBERT ZOCHOWSKI, JR.

*NOT ADMITTED TO THE NEW YORK BAR

May 15, 2019

**BY EMAIL / ECF**

The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *United States* v. *Anilesh Ahuja, et al.*,
            18 Cr. 328 (KPF)

Dear Judge Failla:

      We write in response to the government's May 9, 2019 motion (Dkt. 144), which seeks an order compelling Mr. Ahuja to waive privilege over and produce communications with counsel in order to allow the government to assess whether it should move to preclude an advice of counsel defense that has not been asserted.

      The government's motion should be denied.

      Contrary to the premise of the government's argument, Mr. Ahuja is neither asserting an advice of counsel defense nor intending to argue that specific lawyers "blessed" certain conduct as lawful.[1]  Nor does he plan to elicit or rely on the contents of

---

[1]  The defendants' April 29 proposed requests to charge—submitted prior to an agreed-upon deadline for notifying the government of an intention to assert an advice of

any advice provided by counsel. Rather, and consistent with our right to mount a defense, we intend to offer evidence and make arguments regarding Mr. Ahuja's good faith and lack of criminal intent, and to do so based on Mr. Ahuja's awareness (and support) of the involvement of counsel at various stages of the events in question.

Specifically, the defense intends to elicit evidence and argue that Mr. Ahuja knew that attorneys were involved in the review of the PPI pricing process (including through PPI's Valuation Committee), and that he supported the decision to bring attorneys in to investigate the alleged mismarking. Both facts are wholly independent of the *content* of any privileged communications with or advice rendered by counsel. Indeed, they do not require evidence that Mr. Ahuja spoke with counsel at all. And these facts, if established, are squarely indicative of his good faith, inconsistent with an intent to defraud, or both.

The government's effort to paint Mr. Ahuja's actions as an effort to "end run" an advice of counsel defense is wrong. Courts have often recognized the difference between an advice of counsel defense—which requires that the defense establish certain particular elements—and arguments like the ones Mr. Ahuja is making here. As then-Judge (now Justice) Ginsburg held in *United States* v. *White*, "acknowledgement that one's attorney was present during a conversation is not equivalent to affirmative reliance on his advice that one's action is legal" and does not constitute privilege waiver. 887 F.2d 267, 270 (D.C. Cir. 1989); *see United States* v. *Bilzerian*, 926 F.2d 1285, 1293 (2d Cir. 1991) (noting that the district court did not err when it refused to guarantee, prior to defendant's own testimony, that the proffered testimony would not "possibly" open the door to "inquiry into otherwise privileged communications with his attorney," and stated that defendant "was free" to deny criminal intent and argue that he acted in "good faith . . . by means of defense counsel's opening and closing statements and by his examination of witnesses"). To hold otherwise "would cut short both the [attorney-client] privilege and the right" to "put the government to its proof on all elements of the offense." *White*, 887 F.2d at 270. The government's request in this case ignores that difference, and seeks to put an impermissible price on Mr. Ahuja's effort to put the government to its proof and to argue that he acted in good faith.

Applying the distinction noted above, courts in this Circuit have allowed counsel to reference the presence or involvement of lawyers to show a defendant's lack of criminal intent during opening and closing statements, and have done so without finding any waiver of privilege. *See, e.g.*, *United States* v. *Gasparik*, 141 F. Supp. 2d 361, 371–72 (S.D.N.Y. 2001) (finding no waiver of privilege when defense counsel asserted in his opening statement that defendant "did not want to do anything illegal and preferred to be guided by his attorney" as defense counsel neither "referenced a particular conversation between [defendant] and [defendant's attorney]" nor disclosed "any confidential and privileged information"). Similarly, in *United States* v. *Hatfield*, the Court found that defense counsel's opening remarks to the effect that an Audit Committee Report was

---

counsel defense—left an "if applicable" placeholder for an advice of counsel instruction.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Honorable Katherine Polk Failla

prepared in consultation with lawyers and accountants and that the defendant "hired outside accountants and attorneys . . . to investigate" did not constitute an invocation of the advice of counsel defense or a waiver of attorney-client privilege absent reference to a specific statement made by counsel. *See* Def.'s Resp. Letter, 06-CR-550 (JS) (E.D.N.Y. Feb. 1, 2010), ECF 811 (enclosed as Ex. A, at 1–2); Order, *Hatfield*, 06-CR-550 (JS) (E.D.N.Y. Mar. 26, 2010), ECF 912 (enclosed as Ex. B, at 2).

Nor is the government entitled to "discovery" on privileged communications when the defendant is not either "rely[ing] on privileged advice from his counsel to make his claim or defense," *In re Cnty. of Erie*, 546 F.3d 222, 229 (2d Cir. 2008), or implying that attorneys have "blessed" certain conduct, *SEC* v. *Tourre*, 950 F. Supp. 2d 666, 684 (S.D.N.Y. 2013). The reason is simple: because the defendant is not relying on the argument that his attorney told him his conduct was legal (thereby asserting an advice of counsel defense), he has not waived privilege over the content of his or anyone else's communications with counsel.

Again, the distinction makes sense. The government argues that principles of fairness require waiver where a defendant intends to rely on the argument that he acted in accordance with the advice received from counsel. And in those cases, it is fair for the government to understand the full context of the advice sought and received. (*See* Dkt. 144 Ex. E, June 24, 2014 *United States* v. *Tagliaferri* Hr'g Tr. 15:20–16:18 (defendant sought to argue "not that [the attorneys] were just present," but that they "review[ed]" and "draft[ed]" documents); Dkt. 144 Ex. D, June 23, 2012 *SEC* v. *Stoker* Trial Tr. 965:20–966:12, 969:2–14 (defendant sought to argue that specific documents were shown to attorneys who then signed off on the transaction)). But here the defense is not seeking to elicit evidence (or argue the significance of) the content of any advice. As a result, there is no need—based on fairness or anything else—to delve into the content of privileged communications that will not be in issue at trial.

The cases cited by the government (not a single one of which provides for the relief sought here) do not say otherwise. In each of these cases, defendants sought to introduce statements made (or advice given) by an attorney. In *Tagliaferri*, defense counsel stated that the defendant himself would testify to "conversations with counsel, things he was told by counsel, [and] agreements that were reviewed with counsel." (Dkt. 144 Ex. E, June 24, 2014 *United States* v. *Tagliaferri* Hr'g Tr. 31:3–7). Specifically, defense counsel sought to argue that defendant's unlawful conduct was carried out "with the imprimatur of experienced counsel," and to adduce testimony of defendant's "substantial involvement with and retention of not one but multiple transactional attorneys" who "structur[ed] and draft[ed] the transactional documents at issue in this case," and "should have known and reported to him" that his conduct was unlawful. Def.'s Mem. of Law in Opp'n to Gov't's Mot. *in Limine*, *United States* v. *Tagliaferri*, 13-CR-115 (RA) (S.D.N.Y. June 23, 2014), ECF 48 (enclosed as Ex. C, at 4). Plainly, that proposed testimony invoked the advice provided by counsel, a fact defense counsel readily conceded in agreeing to waive privilege. (Dkt. 144 Ex. E, June 24, 2014 *United States* v. *Tagliaferri* Hr'g Tr. 37:14–23). Indeed, the only reason counsel did not assert a formal advice of counsel defense is because it was unable to meet the requisite standards to do so. (*Id.* at 31:16–32:6).

3

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Honorable Katherine Polk Failla

The civil cases the government relies on are similarly unavailing, and not just because they are civil cases that do not implicate the same due process and Fifth Amendment rights at issue here. In *SEC* v. *Tourre*, the Court precluded the defendant from "put[ting] in **the same evidence** and express[ing] essentially **the same type of reliance** that an advice of counsel defense would provide." 950 F. Supp. 2d at 683 (emphases added); s*ee also id.* at 682–83. Similarly, in *SEC* v. *Stoker*, No. 11 Civ. 7388 (JSR) (S.D.N.Y. 2012), the defendant, unlike Mr. Ahuja, sought to introduce emails at trial demonstrating the content of privileged communications and the fact that lawyers had blessed the relevant documents. (Dkt. 144 Ex. D, June 23, 2012 *SEC* v. *Stoker* Trial Tr. 982:21–983:7). Not surprisingly, the Court noted that "if that's not a reliance of counsel defense, I don't know what is," because whether "the lawyers have signed off" constitutes reliance on counsel. (*Id*. at 983:8–10, 984:16–18).

Finally, the government's reference to Your Honor's decision in *Efans* as precedent for an order directing a defendant to waive privilege is likewise inapposite. *See United States* v. *Any and All Funds on Deposit in Account Number 0139874788, at Regions Bank, held in the name of Efans Trading Corporation, et al.*, 13 Civ. 7983 (KPF) (S.D.N.Y.). In *Efans*—a case that Your Honor viewed as "closer to the traditional advice of counsel defense"—this Court recognized that involvement of counsel could form the basis of a defense. *See United States* v. *Efans*, 13 Civ. 7983 (KPF), 2016 WL 4535036, at *9 (S.D.N.Y. Aug. 29, 2016); *United States* v. *Efans*, Oct. 17, 2016 Hr'g Tr., ECF 107 (enclosed as Ex. D, at 4:4–6:11). In that case, the government argued that it had not sought discovery from attorneys that the defendant claimed he had relied on, and that they had been prevented from asking certain questions of a deponent. (Ex. D, at 7:23–25, 15:18–16:15).[2]

Your Honor left it to the parties to agree on what additional discovery, if any, there should be. (Ex. D, at 20:12–21:6). Our understanding is that the parties agreed to reopen discovery, during which it became clear that the attorney had not provided any legal advice. As a result, Your Honor instructed the parties at the final pre-trial conference not to emphasize this individual's role as an attorney, while recognizing that the fact that the individual was an attorney was likely to come out at trial. *See* Feb. 7, 2017 *United States* v. *Efans*, Hr'g Tr., ECF 138 (enclosed as Ex. E, at 35–37). Although Your Honor surely will know better, it seems clear that *Efans* did not discuss—much less decide—the appropriateness of ordering discovery from a defendant in a criminal case for the purposes of allowing the government to "assess" the need for further motions.

In sum, Mr. Ahuja has not advanced an advice of counsel defense, and does not intend to offer evidence of the substance of advice that was sought and received from counsel. Rather, the defense seeks to make arguments regarding his state of mind, including his good faith and his lack of criminal intent. Both of those arguments can be made without reference to the content of any legal advice, and under the circumstances

---

[2]  As Your Honor explained on the record, and as all parties agreed, "[w]ho was in the room, who was present, that is not privileged." (Ex. D, at 10:22–24).

4

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Honorable Katherine Polk Failla

present here, the government has not made any showing—or pointed to any precedent—that supports the relief that it seeks. For all of these reasons the government's motion should be denied.

Respectfully submitted,

Roberto Finzi
Richard C. Tarlowe

cc: Counsel of Record

---

In light of counsel's representations above, the Court does not believe
that Defendant Ahuja has effected a waiver of the attorney-client
privilege. The Government's motion for production is therefore denied
without prejudice to its renewal if Mr. Ahuja's actual defense at trial
fairly calls for the disclosure of privileged communications.

Dated: New York, New York
       May 16, 2019

SO ORDERED.

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE

5