

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 31, 2019

BY EMAIL

The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    United States v. Anilesh Ahuja, et al.
              S1 18 Cr. 328 (KPF)

Dear Judge Failla:

      The Government respectfully writes in response to the letter from counsel for defendant Anilesh Ahuja dated May 30, 2019, in which Ahuja asks that the Court direct the Government to provide the parties and the Court with a detailed explanation of the steps taken to locate and turn over information that falls within its disclosure obligations.

      Ahuja's request should be denied. The Government has searched its case file repeatedly for discoverable information during the course of this litigation, and has made a series of substantial disclosures to the defendants well in advance of trial, including disclosures of information that does not fall within the rubric of *Brady* or *Giglio* but which the Government thought it appropriate to disclose in an abundance of caution. The Government understands its discovery obligations and has complied with them in good faith. There is no cause for the specific pretrial relief that Ahuja is requesting. *Cf. United States v. Sanchez*, 2003 WL 1900851, at *5 (S.D.N.Y. April 17, 2003) ("*Brady* . . . gives rise to no pretrial remedies.") (citing *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001). As a practical matter, the Government has searched its paper, electronic, and email files relating to this case, including canvassing notes taken by prosecutors present during attorney presentations for defendants and co-conspirators. It has done and continues to do all that it can to ensure that any *Brady* or *Giglio* materials in its possession are produced.

      Ahuja says that his request is prompted by the Government's disclosure on May 30, 2019 of a letter from counsel for cooperating witness Amin Majidi dated April 18, 2018 (the "April 18 Letter"). When the Government initially received the letter, we filed it electronically as a cover letter that in turn enclosed substantive discovery. Because we filed it as a cover letter, we overlooked it during our reviews of our files for *Brady* or *Giglio* material. On May 30, counsel for Majidi referenced the April 18 Letter, and we immediately searched for it and reviewed it.

Upon seeing that it contained information that constitutes *Giglio* material for Majidi, we produced it the same day.

To be clear, the Government overlooked the letter on its earlier reviews of its files for substantive materials. But the disclosure of the *Giglio* material prior to trial, well before Majidi testifies on direct examination, does not justify the extraordinary pretrial relief Ahuja seeks. *Cf. Coppa*, 267 F.3d at 144 ("There is no *Brady* violation unless there is a reasonable probability that earlier disclosure of the evidence would have produced a different result at trial."). Indeed, the Government has already disclosed to the defendants in prior letters and Jencks Act productions much of what is in the April 18 Letter. For example, in a letter dated November 5, 2018, the Government disclosed to the defendants that a managing director at AIS Fund Administration did not recall anyone at AIS raising concerns about the use of spreads for purposes of valuation, and thought that spreads followed the spirit of the PPI's valuation policy. Then, on March 7, 2019, the Government disclosed to the defendants that on February 26, 2019, counsel for AIS stated that he believed that if the managing director at AIS were interviewed by the Government, he would say that the way that PPI imputed a mid price from a bid price seemed reasonable.

Additionally, in a letter dated January 30, 2019, the Government disclosed to the defendants the substance of statements that counsel for Majidi made to the Government at a pre-indictment attorney presentation. Then, on April 4, 2019, the Government disclosed to the defendants that during a meeting on April 3, Majidi had stated, in sum and substance, that the use of a sector spread at PPI was not at first intended to inflate marks, but evolved into that.

The specific relief that Ahuja seeks is not warranted, in light of the review of its files that the Government has already undertaken, the Government's representations about the nature of that review, the Government's representations that it understands its obligations under *Brady* and *Giglio*, and the numerous pretrial disclosures the Government has made. In addition, the defendants have received the April 18 Letter in sufficient time to use it at trial, including for purposes of questioning Majidi and other witnesses.

The Government respectfully asks that Ahuja's request be denied.

Respectfully submitted,

AUDREY STRAUSS
Attorney for the United States,
Acting Under Authority Conferred by
28 U.S.C. § 515

By:    /s/
    Andrea M. Griswold
    Joshua A. Naftalis
    Max Nicholas
    Assistant United States Attorneys
    (212) 637-1205/2310/1565

The Court is disturbed to learn of the Government's oversight.  This matter will be addressed on **Monday, June 3, 2019, at 9:00 a.m.**, prior to jury selection.

Dated:  May 31, 2019
        New York, New York

SO ORDERED.

*[signature: Katherine Polk Failla]*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE