**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

LLOYD K. GARRISON   (1946-1991)
RANDOLPH E. PAUL   (1946-1956)
SIMON H. RIFKIND   (1950-1995)
LOUIS S. WEISS   (1927-1950)
JOHN F. WHARTON   (1927-1977)

WRITER'S DIRECT DIAL NUMBER
(212) 373-3311

WRITER'S DIRECT FACSIMILE
(212) 492-0035

WRITER'S DIRECT E-MAIL ADDRESS
rfinzi@paulweiss.com

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

HONG KONG CLUB BUILDING, 12TH FLOOR
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

[Partner roster omitted]

*NOT ADMITTED TO THE NEW YORK BAR

June 9, 2019

**BY EMAIL / ECF**

Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

                *United States* v. *Anilesh Ahuja, et al.*,
                S1 18 Cr. 328 (KPF)

Dear Judge Failla:

      We write to alert the Court to the fact that over the weekend we received nearly 600 pages of PPI-related communications from counsel for Ashish Dole. The production includes thousands of messages, many of which appear to be new. These communications include texts and encrypted "WhatsApp" communications between Mr. Majidi and Mr. Dole (the government's two principal cooperating witnesses) and between Mr. Dole and other alleged co-conspirators. Many involve the subject matter of the conspiracy.

      Although we are still reviewing the productions, they appear to include material directly relevant to our defense. So, for example, one of the WhatsApp conversations ████████████████████████████████████████████████████████████████

(The relevant text is being submitted under seal as Exhibit A so that it is not available to Mr. Dole, who is on cross, or his counsel.)

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Honorable Katherine Polk Failla

     As Your Honor is aware, the defense has repeatedly asked that the government in turn ask its cooperating witnesses for all communications relevant to this case. When this issue was last raised with the Court, Mr. Ahuja had moved to compel the government to obtain, review, and produce relevant documents in the possession of its cooperating witnesses. In response, the government represented that "[a]s a matter of fact, the Government has requested, obtained, and produced relevant materials possessed by witnesses it intends to call at trial." April 26, 2019 Gov't Letter, Dkt. No. 132, at 1. While Your Honor denied the defense's request, Your Honor expressed concern about the government's late production of relevant documents and text messages obtained from expected witnesses, and noted Your Honor's expectation that the government had made "appropriately robust" inquiries of all its potential witnesses for relevant documents, such that future disclosures under Rule 16, *Giglio*, or *Brady* would be kept to a minimum. April 30, 2019 Order, Dkt. No. 138 at 3.

     In any event, through either the government's failure to make an appropriate request or a cooperating witness's failure to respond to it, the defense now finds itself having to review thousands of relevant communications one week into trial and right before an important cooperator's cross-examination.

     While we do not wish to further delay our cross-examination, and plan to proceed with it on Monday morning, we respectfully request that the Court order that (i) the government be precluded from using any material contained in these productions without notice to the defense and leave from the Court; and (ii) that Mr. Dole's cross be kept open (such that the defense could re-call him for additional cross) until it has had time to review the newly-produced documents and determine what use, if any, it may make of them at trial. We respectfully reserve our right to request whatever further relief may prove to be appropriate based on our review of the material.

Respectfully submitted,

Roberto Finzi
Richard C. Tarlowe

cc:    Counsel of Record

2