

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

**MEMO ENDORSED**

July 31, 2020

BY CM/ECF

The Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

        Re:    United States v. Anilesh Ahuja, et al.
                    S1 18 Cr. 328 (KPF)

Dear Judge Failla:

      The Government respectfully writes to update the Court concerning the additional searches it agreed to undertake in its July 16, 2020 letter in this case (the "July 16 Letter"). Following the July 24, 2020 conference and based on subsequent additional requests made by counsel for Mr. Ahuja, the Government has agreed to expand the searches detailed in its July 16 Letter as described below.[1] The materials that result from these searches will be reviewed for potential disclosure by a Deputy Chief of the Appeals Unit at the United States Attorney's Office ("USAO").

      1. In its July 16 Letter, the Government committed to perform "[a] keyword search of the emails of the three AUSAs who handled the trial in this case and the two supervisors who handled the plea hearing of Dole, spanning the two month-period preceding and the two-month period following the plea hearings of Dole, Majidi, and Dinucci, for emails containing the term 'allocution,' 'plea,' or 'Rule 11.'" (July 16 Letter at 3.) The Government is expanding this search to include the following keywords:

- alloc!
- plea! or pled
- Rule 11

---

[1] All of the additional searches described in the July 16 Letter and herein are conditioned on the Government's technological capability to conduct the searches, including whether the materials are preserved. To the extent the Government learns in the course of conducting its searches that any of the materials it intends to search are not preserved, making an intended search impossible, the Government will notify the Court and the parties of that fact at the time that it makes its production.

- o Amin or Majidi
- o Ashish or Dole
- o Frank or Dinucci
- o Seth or Rosenberg or Clayman or @clayro.com
- o Brian or Linder
- o Dan or Zinman or RKO or Richards or Kibbe or @rkollp.com
- o Greg or Kehoe or GT or Greenberg or Traurig or @gtlaw.com
- o Hellerstein [for the time period surrounding the Dinucci plea]
- o Koeltl [for the time period surrounding the Dole plea]
- o Failla [for the time period surrounding the Majidi plea]

The Government will also apply these keyword searches to internal chats, text messages, and any other searchable mode of communication for the same custodians for the same time periods.

2. In its July 16 Letter, the Government committed to perform "[a] search of the emails of the three AUSAs who handled the trial for all emails with counsel for cooperating witnesses during that same period of time [*i.e.* two months preceding and two months following each of the plea hearings], not limited by keyword." (July 16 Letter at 3-4). The Government is expanding this search to include the two supervisors who handled Dole's plea, and to include text messages or voicemails received from counsel for cooperating witnesses. The Government will also produce to the defendants any phone records from one week prior to and one week following each of the cooperator guilty pleas that show communications between a member of the trial team and counsel for a cooperating witness.

3. In its July 16 Letter, the Government committed to perform "[a] review of all of the text messages of the three AUSAs who handled the trial in this case for the week preceding and the week following the guilty plea hearings for Dole, Majidi, and Dinucci, in the event that text messages from those time periods were preserved and are recoverable." (July 16 Letter at 4). The Government will expand this search to include the text messages of the supervisors who handled Dole's plea hearing, in the event that it is possible to search the electronic devices for those supervisors, who no longer work at the USAO.

4. In its July 16 Letter, the Government committed to perform "[a] review of all internal chats on the USAO's instant messaging system between and among the three AUSAs who handled the trial in this case, for the week preceding and the week following the guilty plea hearings for Dole, Majidi, and Dinucci, in the event that internal chats from those time periods were preserved and are recoverable." (July 16 Letter at 4). The Government will expand this search to include a keyword search of all internal chats between and among the three members of the trial team for the two months prior and two months following each of the cooperator pleas, using all of the keywords listed in paragraph (1) above, to the extent such internal chats exist and are preserved. The Government will also expand this search to include internal chats between and among the supervisors who handled Dole's plea hearing, to the extent such internal chats exist and are preserved.

5.  In its July 16 Letter, the Government committed to perform "[a] review of all voicemails received by the three AUSAs who handled the trial in this case for the week preceding and the week following the guilty plea hearings for Dole, Majidi, and Dinucci, in the event that voicemails from those time periods were preserved and are recoverable." (July 16 Letter at 4). Because voicemails received by AUSAs are automatically saved to email, the Government will supplement this search with a keyword search of the emails of the members of the trial team for the two months prior to and two months following each of the cooperators' guilty plea hearings for all known phone numbers, last names, and law firm names for counsel for the cooperating witnesses, and the resulting voicemails will be reviewed. To the extent possible, the Government will undertake the same additional search for voicemails received by the two supervisors who handled the Dole plea hearing.

6.  In its July 16 Letter, the Government noted that it "has also conducted a search, not limited by keyword, of all of the emails of the AUSAs who handled the trial for the three days preceding and the three days following each of the cooperating witnesses's plea hearings, and is expanding that search to seven days preceding and seven days following each of those hearings." (July 16 Letter at 4). To the extent possible, the Government will expand this search to include the emails of the two supervisors who handled the Dole plea hearing.

7.  In its July 16 Letter, the Government stated that in order to "capture a draft allocution in the extremely unlikely event that a prosecutor created one from scratch rather than receiving one from counsel for a cooperating witness," it would search its electronic shared drive for the keywords "allocution," "Dinucci," "Majidi," and "Dole." The Government will expand those keywords to include the following:

- alloc!
- plea! or pled
- Rule 11
- Amin or Majidi
- Ashish or Dole
- Frank or Dinucci
- Seth or Rosenberg or Clayman
- Brian or Linder
- Dan or Zinman or RKO or Richards or Kibbe
- Greg or Kehoe or GT or Greenberg or Traurig

The Government will review any documents resulting from these searches that appear to be draft allocutions.

8.  In its July 16 Letter, the Government stated that it "intends to search for and produce any emails, text messages, internal chats, and voicemails, to the extent they exist and are recoverable, that were sent or received by the AUSAs who handled the trial in this case between November 26, 2019 and May 26, 2020 concerning the FOIA Request [submitted by counsel for Ahuja on November 26, 2019]. The Government plans to use the search term "FOIA" to conduct this search." (July 16 Letter at 5). The Government will expand this search by adding the keywords "Tarlowe," "EOUSA," "redline," and "alloc!" The Government will also expand

the search by extending it to May 27, 2020, which is the date that EOUSA made a production to counsel for Ahuja in response to the FOIA Request.

Counsel for Ahuja have also requested that the Government (a) expand this search to include emails in the custody of FOIA Specialist Darian Hodge and Associate U.S. Attorney John McEnany, and (b) expand this search to include the time period June 10, 2020 to June 19, 2020. With respect to (a), the Government will search emails in the custody of Mr. Hodge or Mr. McEnany during the November 26, 2019 to May 27, 2020 time period using the keywords "Tarlowe," "Ahuja," "PPI," and the file number associated with the FOIA request filed by Mr. Tarlowe. With respect to (b), the Government has informed counsel for Ahuja that it does not agree to this request. The June 10, 2020 to June 19, 2020 date range comes after the date that EOUSA made its FOIA production to Ahuja's counsel, and thus also comes after the date that any decision was made regarding which materials the USAO would send to EOUSA for potential production. In addition, this proposed search would capture internal discussions constituting work product that are not discoverable.

Finally, counsel for Ahuja have made two other requests via email to which the Government has informed counsel that it does not agree. First, Ahuja has asked that the Government search the emails of the members of the trial team for the time period of June 3, 2019 to June 11, 2019. The Government opposes this request. Those emails would capture internal discussions between and among prosecutors relating to the then-ongoing trial that are not discoverable. Second, Ahuja has stated that in the context of the Government's searches, he considers *Brady* or *Giglio* material to include any documents identified during the review that reflect any suggestion, instruction, direction or preference that any communication not be sent by email or otherwise put in writing, that a communication take place in-person or by telephone, or that a method of communication other than email be used. The Government believes that this definition of *Brady* or *Giglio* material is substantially overbroad. The Government notes that irrespective of its obligations under *Brady* or *Giglio,* it has already agreed to produce *any* communications that relate to cooperator allocutions, including communications with counsel and internal communications, even those merely reflecting the scheduling of calls to discuss allocutions.

\* \* \* \* \* \* \* \* \* \* \* \* \*

The Government also respectfully writes to notify the Court that on July 25, 2020, it informed counsel for both defendants by email that (a) the Government would consent to a motion by the defendants before this Court to stay their respective surrender dates until the later of January 4, 2021 or this Court's ruling on any motion that either defendant makes in this Court at the conclusion of the fact-finding process discussed at the conference; and (b) the Government would consent to a motion by the defendants to stay the pending appeals, including the filing of the Government's opposition brief, which is due on August 3, 2020, and the defendants' reply briefs, until this Court has ruled on any motions that the defendants make at the conclusion of the fact-finding process discussed at the conference. The Government's opposition brief in the Second Circuit will be a consolidated brief addressing in one filing the arguments that Ahuja and Shor have made in their respective appeals.

   Counsel for Shor responded to the Government on July 27, 2020 making a counterproposal on behalf of Shor, and on July 30, 2020, following a phone call with counsel for Shor, the Government informed counsel for Shor that it would consent to a motion by Shor to stay his surrender date until the later of January 4, 2021 or 90 days after this Court's ruling on any motion that Shor makes in this Court at the conclusion of the fact-finding process discussed at the conference.  The Government informed Shor's counsel that its consent was conditioned on Shor agreeing to forego making any motion for bail pending appeal until this Court resolves the above-mentioned motion practice as it pertains to Shor.  Later on July 30, 2020, counsel for Shor agreed to this condition in the event that the Government would consent to a motion by Shor to stay Shor's appeal until this Court resolves any motion practice resulting from the fact-finding process discussed at the conference.  On July 31, 2020, the Government informed counsel for Shor, as it had said in its July 25, 2020 email, that it would consent to a motion to stay the appeal for that period of time.

   On July 31, 2020, counsel for Ahuja responded to the Government's July 25, 2020 email, indicating that Shor would be filing on behalf of both defendants a joint motion in the Second Circuit to hold their appeals in abeyance until this Court has ruled on any defense motion at the conclusion of the fact-finding process discussed at the conference.  As reflected in its July 25, 2020 email, the Government is consenting to the defendants' motion in the Second Circuit.  However, the Government expects that it will be filing its opposition brief in the Second Circuit on August 3, 2020 in order to comply with the deadline that is currently in place, unless there is a ruling on the defendants' anticipated motion to stay their appeals prior to that deadline.

         Respectfully submitted,

         AUDREY STRAUSS
         Acting United States Attorney


       By: ___/s/_____
         Andrea M. Griswold
         Joshua A. Naftalis
         Max Nicholas
         Assistant United States Attorneys
         (212) 637-1205/2310/1565


cc: Counsel of Record (by CM/ECF)

The Court is in receipt of the above letter from the Government.  (Dkt. #393).  Defendants Ahuja and Shor are hereby ORDERED to respond to the disputes raised by the Government regarding its searches contained on page 4 of this letter, on or before **August 3, 2020.**

         SO ORDERED.

Dated: July 31, 2020
   New York, New York

         HON. KATHERINE POLK FAILLA
         UNITED STATES DISTRICT JUDGE