

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 24, 2020

<u>BY CM/ECF</u>

The Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:  <u>United States</u> v. <u>Anilesh Ahuja, et al.</u>
       S1 18 Cr. 328 (KPF)

Dear Judge Failla:

  The Government respectfully writes to provide the Court and defense counsel with the results of the review of materials that it undertook in this case pursuant to the Government's letters dated June 24, 2020 and July 16, 2020; the Court's directive at the conference held on July 24, 2020; the Government's letter dated July 31, 2020; and the Court's Order dated August 4, 2020 (the "Review").

  The Review was conducted by a Deputy Chief of the Appeals Unit, Karl Metzner. The details of the Review and the process undertaken by AUSA Metzner are described below. The results of the Review are enclosed herewith (Bates SDNY_PPI_00001 to SDNY_PPI_00294) in chronological order and do not include duplicates of materials that the Government has previously produced. AUSA Metzner reviewed nearly 10,000 communications. The Review yielded a total of approximately 42 emails, certain text messages and phone records, as follows:

- Bates SDNY_PPI_00001 to SDNY_PPI_00002 are an internal email from the time period of Frank Dinucci's guilty plea and an internal calendar invitation relating to Dinucci's guilty plea.
- Bates SDNY_PPI_00003 to SDNY_PPI_00154 are approximately 30 emails from the time period of the 2019 trial.
- Bates SDNY_PPI_00155 to SDNY_PPI_00292 are approximately 10 emails from the time period of the FOIA request (November 26, 2019 to May 27, 2020).
- Bates SDNY_PPI_00293 are certain text messages from the time period of the 2019 trial, the time period of the FOIA request, and the time period June 10, 2020 to June 19, 2020.
- Bates SDNY_PPI_00294 are certain phone records reflecting communications with counsel for certain cooperating witnesses.

The Review did not identify any draft cooperator plea allocutions that have not previously been produced.  The Review did not identify any communications between the Government and counsel for cooperating witnesses that have not previously been produced, with the exception of communications that took place during the 2019 trial.  These mid-trial emails related to the Government's efforts to confirm that counsel for Ashish Dole did not provide the Government with a draft plea allocution, as well as conversations with counsel for Amin Majidi and Frank Dinucci that were described to the Court and defense counsel during trial.  (*See* Tr. 760-64).  The Review also identified no additional materials for production on the Government's internal electronic share drive, voicemails, or internal chats.   The production of any given document or material does not reflect a determination that that document constitutes *Brady*, *Giglio* or *Triumph Capital* material.

The Government respectfully submits that the Review described above, and the enclosed production of materials, fulfill the commitment that it made to conduct additional searches in this case.  The Government also respectfully submits that the results of the Review provide no basis for additional discovery or relief, nor any basis to undermine confidence in the verdict.

*     *     *     *

For the Court's and defense counsel's ease of reference, the Government includes in this cover letter a description of its Review.  The Review was conducted by a Deputy Chief of the Appeals Unit, Karl Metzner.[1]  Unless otherwise specified below, materials were gathered for

---

[1] AUSA Metzner was provided with the following background materials prior to and during the Review: the S1 18 Cr. 328 Indictment; the Government's disclosure letters to defense counsel dated November 5, 2018 and January 15, 2019; defense counsel's letter to the Court dated May 6, 2019 regarding the Government's disclosure obligations; the Government's letter to the Court dated June 8, 2019 regarding its disclosure obligations under *United States v. Triumph Capital Group Inc.*, 544 F.3d 149 (2d Cir. 2008); trial transcripts from June 10, June 19, and June 25, 2019 regarding draft plea allocutions and related topics; the Court's Order dated June 10, 2019 regarding defense counsel's request to conduct cross-examination based on draft plea allocutions and related requests; all of the Government and defense summations given at trial; defense counsel's letters to the Court dated June 19, July 6, July 15, July 23, and August 3, 2020 regarding post-trial disclosures; the Government's letters to the Court dated June 19, June 24, June 26, July 16, and July 31, 2020 regarding post-trial disclosures; an email from defense counsel to the Government dated July 28, 2020, which enclosed letters from defense counsel to the Government dated June 26, 2018 and August 15, 2018 regarding the Government's disclosure obligations; defendants' appellate briefs dated May 4, 2020; the transcript of the July 24, 2020 court conference; the Government's appellate brief dated August 3, 2020; and the Court's August 4, 2020 memo endorsements of defense counsel's August 3, 2020 letter to the Court.   The Government can provide the Court with any of these materials promptly if doing so would aid the Court.

AUSA Metzner's review by Information Technology ("IT") professionals at the U.S. Attorney's Office. The following materials were collected:

- All emails sent or received between February 5, 2017 and June 5, 2017[2] by the AUSAs who were conducting this investigation at the time that include any of the following search terms: "alloc!" (or "alloc*"), "plea," "pleas," "plead," "pleads," "pleaded," "pled," "pleading," "pleadings," "rule 11," "Hellerstein," "Dan," "Zinman," "Frank," "Dinucci," or two phone numbers for Frank Dinucci's counsel that are known to the AUSAs;[3]

- All emails sent or received between March 29, 2017 and April 12, 2017 (the two weeks surrounding Dinucci's guilty plea) by the AUSAs who were conducting this investigation at the time;

- All emails sent or received between September 13, 2017 and January 13, 2018 by the AUSAs who were conducting this investigation at the time that include any of the following search terms: "alloc!" (or "alloc*"), "plea," "pleas," "plead," "pleads," "pleaded," "pled," "pleading," "pleadings," "rule 11," "Koeltl," "Greg," "Kehoe," "Ashish," "Dole," or two phone numbers for Ashish Dole's counsel that are known to the AUSAs;

- All emails sent or received between November 6, 2017 and November 20, 2017 (the two weeks surrounding Dole's guilty plea) by the AUSAs who were conducting this investigation at that time and by the two unit supervisors who handled Dole's guilty plea proceeding;

- All emails sent or received between August 31, 2018 and December 31, 2018 by the AUSAs who were conducting this investigation at the time that include any of the following search terms: "alloc!" (or "alloc*"), "plea," "pleas," "plead," "pleads," "pleaded," "pled," "pleading," "pleadings," "rule 11," "Failla," "Seth," "Rosenberg," "Brian," "Linder," "Clayman," "Amin," "Majidi," or three phone numbers for Amin Majidi's counsel that are known to the AUSAs;

---

[2] As indicated in the Government's June 24, 2020 letter to the Court, the web-based backup to the Government's email server, which preserves deleted emails, extends back three years. At the time of that letter, the Government believed that the server did not encompass the time period of the Dinucci plea proceeding, which occurred in April 2017. As a result of additional efforts by the Government to locate emails from 2017, the Government has since determined that the AUSA who handled the plea was on a litigation hold in 2018 for an unrelated case. As a result, her 2017 emails, including deleted emails, were preserved and therefore available for AUSA Metzner's review.

[3] The purpose of including the phone number for the cooperating witness's counsel was to capture voicemail messages left by counsel for an AUSA, as voicemails are saved in email messages that list the originating phone number. AUSA Metzner listened to any voicemails that were recovered and responsive to this search.

- All emails sent or received between October 24, 2018 and November 6, 2018 (the two weeks surrounding Majidi's guilty plea) by the AUSAs who were conducting this investigation at the time;

- All emails sent or received between June 3, 2019 and June 11, 2019 by the AUSAs who handled the trial in this case (the "Trial Team");

- All emails sent or received between November 26, 2019 and May 27, 2020, and between June 10, 2020 and June 19, 2020, by the AUSAs who conducted this investigation and handled the trial, that include any of the following search terms: "FOIA," "EOUSA," "Redline," "Alloc!" (or "alloc*"), or "Tarlowe," excluding any emails in which the name "Tarlowe" is found on the "to," "from," or "cc" line of an email;

- Instant messages within the time period January 1, 2017 to July 23, 2020 that were sent or received by the members of the Trial Team that hit on any of the following search terms: "alloc!" (or "alloc*"), "plea!" (or "plea*"), "pled," "rule 11," "Amin," "Majidi," "Seth," "Rosenberg," "Brian," "Linder," "Failla," "Koeltl," "Hellerstein," "Frank," "Dinucci," "Ashish," "Dole," "Greg," "Kehoe," "Dan," or "Zinman," and instant messages within the time period September 13, 2017 to January 13, 2018 that are between and among any combination of the members of the Trial Team and the supervisors of this investigation and trial that hit on any of the same search terms;

- Emails sent or received between November 26, 2019 and May 27, 2020 and between June 10, 2020 and June 19, 2020 by the Records and Information Management Specialist who works on Freedom of Information Act ("FOIA") requests at the U.S. Attorney's Office that include any of the following search terms: "plea allocution," "October 29, 2018," "October 30, 2018," "October 31, 2018," "Anilesh Ahuja," "Amin Majidi," "Jeremy Shor," "Premium Point Investments," "PPI;"[4]

- Emails sent or received between November 26, 2019 and May 27, 2020 and between June 10, 2020 and June 19, 2020 by the Associate U.S. Attorney who generally oversees the handling of FOIA requests received by the U.S. Attorney's Office that are captured by the following search: "000663 [the internal number associated with the November 26, 2019 FOIA request submitted by counsel for defendant Anilesh Ahuja] or ('Released Records') /5/ TARLOWE)";[5]

---

[4] These emails were collected by their custodian (the Information Management Specialist), rather than IT professionals. The Information Management Specialist chose the search terms that he believed were most likely to capture relevant materials.

[5] The Associate U.S. Attorney identified the search "000663 or ('Released Records') /5/ TARLOW" (with the spelling later corrected to "TARLOWE") as a way to capture any pertinent emails that he sent or received during the relevant time frame. As a check, the Associate U.S. Attorney searched through his retained emails for emails that would *not* be captured by the search "000663 or ('Released Records') /5/ TARLOWE," but that included any of the terms "Naftalis," "PPI," "FOIA," "Tarlowe," and "Ahuja," and did not identify any such emails pertinent to the

- Text messages exchanged between and among the members of the Trial Team during the time period June 3, 2019 to June 11, 2019;[6] and

- Text messages exchanged between and among members of the Trial Team, and between and among members of the trial team and the Unit Chiefs who supervised the trial, from November 26, 2019 to May 27, 2020 and from June 10, 2020 to June 19, 2020, that hit on any of the following search terms: "FOIA," "EOUSA," "Redline," "Alloc!" (or "alloc*"), or "Tarlowe," as well as other near-in-time text messages to provide context to the messages that hit on the search terms.[7]

AUSA Metzner was assisted by a paralegal at the U.S. Attorney's Office who helped to organize the materials for the Review.  In consultation with AUSA Metzner, the paralegal eliminated materials that were responsive to agreed-upon search terms or otherwise fell within the categories described above but that had nothing to do with this case.  The materials screened from AUSA Metzner's Review include, for example, emails about other investigations being pursued by the U.S. Attorney's Office, emails about personal matters, and spam emails.

AUSA Metzner determined which materials to produce to the Court and defense counsel. The members of the Trial Team sometimes flagged specific emails or text messages for AUSA Metzner's particular review, and at other times AUSA Metzner solicited contextual information or views from members of the Trial Team about specific materials that he was reviewing.  With respect to each of the materials that AUSA Metzner reviewed, he made the decision whether to produce it.  AUSA Metzner likewise made all of the redactions that are reflected in the materials being produced. AUSA Metzner's decision to produce any given document does not reflect a determination that that document constitutes *Brady, Giglio* or *Triumph Capital* material, but rather, that in the circumstances of this case and in order to aid the Court's present fact-finding inquiry, production in this context is appropriate.

---

Review.  The Associate U.S. Attorney further searched certain of his own voicemails, instant messages, and text messages and found nothing pertinent to the Review.

[6] Text messages were extracted from the Trial Team's work cellphones by an Investigative Analysis professional at the U.S. Attorney's Office.  The Investigative Analysis professional was not able to recover text messages from those phones for the years 2017 or 2018, and text messages from those phones for those years were not reviewed by AUSA Metzner.

[7] Some of the text messages that AUSA Metzner reviewed came from the personal cellphone of one of the members of the Trial Team.  Those text messages dated back to 2018.  The Investigative Analysis professional was not able to extract text messages from the personal cellphone.  In that instance, the member of the Trial Team collected and provided to a paralegal at the U.S. Attorney's Office all of his text messages on the personal phone from the relevant time periods and, with the AUSA's assistance, the paralegal conducted the agreed-upon word searches on those text messages.  The resulting materials were then provided to AUSA Metzner for review.

me navigation

There were two categories of materials that were not reviewed by AUSA Metzner, but instead reviewed by the Trial Team.  First, the Executive Office for U.S. Attorneys ("EOUSA") collected and sent to the U.S. Attorney's Office call detail records for the AUSAs handling this investigation for the time periods March 29, 2017 to April 12, 2017; November 6, 2017 to November 20, 2017; and October 24, 2018 to November 6, 2018 – the date ranges surrounding the guilty pleas of cooperating witnesses Frank Dinucci, Ashish Dole, and Amin Majidi, respectively.  The Trial Team reviewed these phone records and identified calls with counsel for the cooperating witnesses for production.

Second, the Trial Team searched the internal electronic shared directory using the terms "alloc!," "Frank," "Dinucci," "Ashish," "Dole, "Amin," "Majidi," "plea!," "pled," "Rule 11," "Seth," "Rosenberg," "Clayman," "Brian," "Linder," "Dan," "Zinman," "RKO," "Richards," "Kibbe," "Greg," "Kehoe," "Greenberg," and "Traurig" to determine whether there were any materials that hit on those terms that had not previously been produced to defense counsel and should be produced.  The Trial Team did not identify any additional materials for production in the shared directory.

Respectfully submitted,

AUDREY STRAUSS
Acting United States Attorney


By: _____/s/_____
Andrea M. Griswold
Joshua A. Naftalis
Max Nicholas
Assistant United States Attorneys
(212) 637-1205/2310/1565


cc:     Counsel of Record (by CM/ECF)