

Justin S. Weddle
212 - 997 - 5518 (o)
347 - 421 - 2062 (m)
jweddle@weddlelaw.com

> # MEMO ENDORSED

October 14, 2020

**By ECF**

Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Centre Street
New York, NY 10007

Re:    **United States v. Ahuja & Shor,** 18 Cr. 328 (KPF)

Dear Judge Failla:

   We respectfully submit this letter on behalf of Mr. Ahuja and Mr. Shor and in response to the government's letter dated October 9, 2020. Neither the government's characterization of the recent history of this case nor of the defense's October 1, 2020 requests for clarification is accurate, and the government should be ordered to provide the straightforward clarifications sought in that letter.

   To summarize, at trial the Court ordered that the defense be precluded from conducting cross-examination, offering evidence, and making arguments regarding the government's efforts to shape the cooperators' testimony. That ruling was based on a record that the government now concedes is inaccurate, such that the government (after trial, sentencing, the litigation of bail pending appeal, and the filing of appellate briefs) acknowledged as a result of a defense FOIA request that certain representations it made to the Court were "wrong" and "partly inaccurate." (ECF 368). In addition, the government produced documents earlier this year that call into question other representations made by the government during trial, as well as the government's compliance with its disclosure obligations. Both prior to and in the wake of the government's admission and belated disclosures, the defense moved for Court-ordered discovery. (ECF 366, 385). The government, perhaps seeking to head-off Court-ordered discovery, agreed to conduct certain specified searches, while opposing the discovery sought by the defense. (ECF 390). As a result, the Court denied the defense requests for Court-ordered discovery without prejudice to their renewal after the government



completed its proposed review. *See* Transcript of Proceedings, July 24, 2020, at 17 ("Conf. Tr."). The government modified its proposed searches pursuant to defense requests and Court order. (ECF 396, 399).

The defense's October 1, 2020 letter was prompted by the realization that the government apparently did not do the searches it proposed to the Court. The government has also unilaterally redacted documents, produced documents with inconsistent and unexplained time stamps, and failed to produce documents that the productions to date demonstrate should exist. In an effort to understand the government's production, the defense asked certain basic questions, which the government has now refused to answer and has dismissed as "interrogatories." Even a cursory review of the questions reveals that they fairly seek documents and information necessary to complete the documentary record:

Request Number 1 asks the government to explain anomalous time stamps on emails required to understand the chronology of key events.

Request Number 2 asks for explanations about clear gaps in the production, including voicemails and documents that were not produced but that are specifically referenced in other documents.

Request Number 3 seeks the cover letter(s) or e-mails(s) that accompanied the government's production of documents to EOUSA.

Request Number 4 (which the government dismisses as "technical matters") points out that the documents produced in response to the FOIA request *are not the same versions of documents purportedly provided by AUSA Naftalis to Associate United States Attorney McEnany*. It also notes that there are no materials reflecting how certain of the documents sent to AUSA McEnany ultimately came to be produced to the defense. These discrepancies constitute a gap in the fact-finding about why the Naftalis allocution was not produced until June 19, 2020.[1] The government's refusal to explain the discrepancies is inconsistent with its acknowledgment that additional discovery regarding the FOIA request is appropriate. (ECF 390 at 8).

---

[1] One key question that remains unanswered is why the Naftalis allocution was not produced until more than nineteen months after AUSA Naftalis wrote it and distributed it to the trial team, more than twelve months after the start of the trial, more than eighteen weeks after AUSA Naftalis apparently identified it as responsive to the FOIA request, more than three weeks after EOUSA produced documents in response to the FOIA request, and more than nine days after the defense specifically requested that the government produce the attachment.



Request Number 5 seeks an explanation for redactions from a June 11–12, 2020 text exchange between AUSAs that relates directly to the issues described above, including when documents were located and whether and when they were produced.

Request Number 6 asks the government to clarify whether it, in fact, conducted the searches it promised to conduct, given the apparent inconsistencies between its prior promises and its September 24, 2020 description of the searches it conducted.

Requests Number 7, 8, 10, 11 and 12 seek information about the universe of available material that was searched and reviewed, as well as information about texts that may or may not have been preserved. As the government has not hesitated to rely on the purported absence of evidence in arguing that there should be no relief for its disclosure failures and inaccurate representations to the Court, *see, e.g.*, October 9, 2020 Letter at 2 (arguing that the results of the review "provide no basis for additional discovery or relief, nor any basis to undermine confidence in the jury's verdict"), the Court and the defense are entitled to know what documents and information were searched and whether certain information that the government committed to reviewing was not reviewed or was not available for review.

Request Number 9 seeks information regarding e-mails that reflect on their face that they were "Retrieved from Archive"—which apparently indicates that they were deleted, at some point, by a recipient. The government has made representations about the nature of its conduct that, in the context of this case, the Court and the defense should be permitted to examine.

Finally, Request Number 13 seeks (a) an explanation of the criteria used to determine whether a document should be produced, and (b) information regarding whether any document was withheld on privilege or other grounds.

In short, the requests for clarification we have proposed are straightforward and are far less searching than the government routinely demands when it conducts investigations of material representations that turn out to be inaccurate or of legally required disclosures that turn out to be incomplete. The government's October 9, 2020 letter, which essentially states, "we did not do what we promised, but we did enough, and it is enough,"[2] is inadequate, and

---

[2] While the government offers to provide to the Court "in whatever form . . . would aid the Court" "additional information" (ECF 410 at 2 n.2), the government's refusal to answer these basic questions about the scope of its review mistakenly presumes that the Court's inquiry is complete. *See* Conf. Tr. at 27 ("I've been putting together my own list of questions that I want answered, and whether they are answered in sworn statements or in testimony is something that I'm currently debating internally. But I haven't—I accept your [Mr. Tarlowe's] proposition that production of the documents doesn't end the inquiry.")



we respectfully request that the Court order the government to provide the clarifications requested in our October 1, 2020 letter.

Respectfully submitted,

Justin S. Weddle

The Court is in receipt of the Government's letter and production dated September 24, 2020 (Dkt. #406), Defendants Ahuja and Shor's letter dated October 2, 2020 (Dkt. #409), the Government's letter dated October 9, 2020 (Dkt. #410), and Defendants' above letter dated October 14, 2020 (Dkt. #411).  The Court has reviewed the September 24, 2020 production and finds that there are some remaining deficiencies and areas requiring clarification.  Accordingly, the Government is hereby ORDERED to file a supplementary submission to the Court on or before **November 13, 2020**, addressing the following requests in Defendants' letters of October 2, 2020, and October 14, 2020:

1. Defense Request #1.
2. Defense Request #2.
3. Defense Request #3.
4. Defense Request #4: The Government is ordered to address the issues in the second and third paragraphs, specifically the differences in versions of documents produced and the meaning of the language that the image of a document was not exported.  However, the Government is not required to provide a native version of the March 9, 2020 email.
5. Defense Request #5: The Government is ordered to produce the relevant unredacted text messages to the Court for in camera review.
6. Defense Request #6.
7. Defense Request #7.
8. Defense Request #10: The Government is ordered to respond to requests 10(a) and (b), but not (c).
9. Defense Request #11: The Government is ordered to provide additional explanation of why certain text messages not able to be "recovered" and "extracted."  The Government does not need to state whether any messages were deleted.
10. Defense Request #12: The Government is ordered to confirm whether any other versions of the letter were identified during AUSA Metzner's review.  The Government is not required to explain the bases for withholding.
11. Defense Request #13: The Government is ordered to respond to request 13(b) only.

Defendants' requests are otherwise DENIED.  The Court will refrain from scheduling a hearing in this matter until after the Government's supplemental production is complete.

SO ORDERED.

Dated:  October 20, 2020
        New York, New York

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE