

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 30, 2020

BY CM/ECF

The Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    United States v. Anilesh Ahuja, et al.
                S1 18 Cr. 328 (KPF)

Dear Judge Failla:

      The Government respectfully writes in response to the Court's October 20, 2020 Order directing the Government to address certain of the questions in the defendants' October 2 and 14, 2020 letters related to AUSA Karl Metzner's Review. (Dkt. 412).

      Request No. 1.    The time stamps in the email headers are in the universal time code (UTC) time zone.

      Request No. 2.

      (a)    The Government has searched for, but has not been able to locate, a voicemail dated April 4, 2017 from Mr. Dinucci's attorney.

      (b)    The Government has located the June 10, 2019 email from AUSA Griswold to AUSA Nicholas forwarding the noted voicemail. The content of the email is blank. The email and voicemail are attached hereto and Bates stamped SDNY_PPI_00301 through SDNY_PPI_00302.

      Request No. 3.    Darian Hodge, the Office's FOIA Specialist, transmitted the identified materials to EOUSA by uploading them to a web-based platform used to process FOIA requests. There was no cover email or letter.

      Request No. 4.

      ¶ 2.    That versions of certain documents that EOUSA produced to the defendants have the header "Hodge, Darian (USANYS)," and that versions of the same documents that the Office produced to the defendants do not have this header simply reflect how the documents were

processed. When Mr. Hodge processed the documents before sending them to EOUSA, he printed the emails to pdf format; this resulted in the header "Hodge, Darian (USANYS)" being added, which occurs when using Microsoft Outlook. The documents that the Government produced on September 24, 2020 were processed by a vendor, and thus did not include such a header.

¶ 3. All documents attached to the March 9, 2020 email were produced.[1] The pages that state "Image for this document . . . is not exported" reflect non-content files (often titled "ATT00001.htm") that are automatically included when an email attachment is forwarded from a work cellphone. Because these files have no content, no image exists.

Request No. 5. AUSA Metzner redacted certain text messages as part of his Review. The unredacted text messages are attached for the Court's in camera review.

Request No. 6.

(a) & (b) Associate U.S. Attorney John McEnany has advised that consistent with his practice, he is confident that he retained in his personal files all emails relating to the FOIA request in this matter, and that he employed a variety of search terms to identify in his retained emails all emails relating to the FOIA request, to determine whether, given his position, there were any responsive emails that might raise any particular sensitivities (there were none), and to aid in ensuring that all of his responsive emails were in fact located. After identifying all responsive emails, Mr. McEnany constructed a Boolean search, 000663 or ("Released Records") /5/ TARLOW) (later corrected to TARLOWE) that would help ensure that all of his responsive emails were captured. Consistent with the protocol that the Government had agreed to with the defense in this matter, he did not conduct the actual search for his responsive emails, which was run by a member of the Office's IT Department against the system-generated archive of all emails in his email account for the requisite period. The Office IT Department has advised that it ran the noted search against Mr. McEnany's system-generated archive.

With respect to Mr. Hodges's emails, the following search terms for the relevant time periods have now been run through the Office's email archive system: "000663," "Tarlowe," "Ahuja," "Majidi," "Rosenberg," "Naftalis," and "Redline." AUSA Metzner reviewed the results of these searches and identified one additional internal communication between Mr. Hodge and an EOUSA employee for production, which is Bates stamped SDNY_PPI_00299 through SDNY_PPI_00300. As previously noted, AUSA Naftalis did not exercise any control over the timing of the FOIA production and did not exercise any influence over what EOUSA produced. (Dkt. 390, at 9).

(c) AUSA Metzner's Review included (i) all internal instant messages, not limited by search terms, between and/or among the Trial Team and the supervisors, for the week preceding and the week following the guilty plea hearings for Dole, Majidi, and Dinucci, and (ii) all internal instant messages — not limited by keyword search terms — between and among the Trial Team for the period June 3 to 11, 2019.

---

[1] All documents attached to the March 9, 2020 email were previously produced to the defendants on June 26, 2020, and again on July 22, 2020 (at the defendants' request).

Request No. 7.    All internal instant messages for the relevant time periods for each of the three Trial Team members and the two supervisors were preserved.

Request No. 10.

(a)    The Review of the personal cellphone of one of the Trial Team members included searches of text messages for the time periods September 26, 2018 to December 31, 2018 (approximately three months surrounding Majidi's guilty plea), and June 3, 2019 to June 11, 2019. The personal cellphone did not contain text messages prior to approximately September 2018, when the phone was purchased.

(b)    AUSA Metzner was provided with and reviewed all text messages on the personal cellphone for the time periods October 24, 2018 to November 6, 2018 (the two weeks surrounding Majidi's guilty plea) and June 3, 2019 to June 11, 2019. To the extent that the Trial Team used personal cell phones for work purposes, all text messages from those devices for the relevant periods were included in the Review.

Request No. 11.    To "extract" means to transfer a copy of the data on a cellphone to a computer. The Investigative Analyst professional made best efforts to extract all available text messages from the Trial Team's work cellphones and the one personal cellphone that was used for work purposes. The Investigative Analyst professional was able to extract the work cellphones. Despite his best efforts, the Investigative Analyst professional was not able to extract the personal cellphone, which sometimes occurs in the Investigative Analyst professional's training and experience.

To "recover" means to restore information that may be stored on a cellphone, though not necessarily visible to the user. Government-issued cellphone are generally configured to retain text messages for approximately one year. In extracting the work cellphones, the Investigative Analyst professional attempted to recover text messages from 2017 and 2018; he was not able to do so.

Request No. 12.    The Review did not identify other drafts of the noted letter.

Request No. 13(b).    AUSA Metzner determined to withhold certain documents under a claim of privilege and prepared the attached log, which is Bates stamped SDNY_PPI_00295 through SDNY_PPI_00299.

None of this supplemental information alters the Government's position, as set forth in its September 24, 2020 letter, that the results of the Review provide no basis for additional discovery or relief, nor any basis to undermine confidence in the verdict. (Dkt. 406).

        Respectfully submitted,

        AUDREY STRAUSS
        Acting United States Attorney

By: \_\_\_/s/_____
        Andrea M. Griswold
        Joshua A. Naftalis
        Max Nicholas
        Assistant United States Attorneys
        (212) 637-1205/2310/1565

Enclosures

cc:    Counsel of record