PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

LLOYD K. GARRISON (1946-1991)
RANDOLPH E. PAUL (1946-1956)
SIMON H. RIFKIND (1950-1995)
LOUIS S. WEISS (1927-1950)
JOHN F. WHARTON (1927-1977)

WRITER'S DIRECT DIAL NUMBER
(212) 373-3035

WRITER'S DIRECT FACSIMILE
(212) 492-0035

WRITER'S DIRECT E-MAIL ADDRESS
rtarlowe@paulweiss.com

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

HONG KONG CLUB BUILDING, 12TH FLOOR
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

MATTHEW W. ABBOTT
EDWARD T. ACKERMAN
JACOB A. ADLERSTEIN
JUSTIN ANDERSON
ALLAN J. ARFFA
JONATHAN H. ASHTOR
ROBERT A. ATKINS
DAVID J. BALL
SCOTT A. BARSHAY
PAUL M. BASTA
J. STEVEN BAUGHMAN
LYNN B. BAYARD
CRAIG A. BENSON
MITCHELL L. BERG
MARK S. BERGMAN
DAVID M. BERNICK
JOSEPH J. BIAL
BRUCE BIRENBOIM
H. CHRISTOPHER BOEHNING
ANGELO BONVINO
ROBERT BRITTON
DAVID W. BROWN
SUSANNA M. BUERGEL
JESSICA S. CAREY
DAVID CARMONA
GEOFFREY R. CHEPIGA
ELLEN N. CHING
WILLIAM A. CLAREMAN
LEWIS R. CLAYTON
YAHONNES CLEARY
RACHAEL G. COFFEY
JAY COHEN
KELLEY A. CORNISH
CHRISTOPHER J. CUMMINGS
THOMAS V. DE LA BASTIDE III
ARIEL J. DECKELBAUM
ALICE BELISLE EATON
ANDREW J. EHRLICH
GREGORY A. EZRING
ROSS A. FIELDSTON
ANDREW C. FINCH
BRAD J. FINKELSTEIN
BRIAN P. FINNEGAN
ROBERTO FINZI
PETER E. FISCH
HARRIS FISCHMAN
ANDREW J. FOLEY
ANDREW J. FORMAN*
HARRIS B. FREIDUS
CHRISTOPHER D. FREY
MANUEL S. FREY
ANDREW L. GAINES
KENNETH A. GALLO
MICHAEL E. GERTZMAN
ADAM M. GIVERTZ
SALVATORE GOGLIORMELLA
NEIL GOLDMAN
MATTHEW B. GOLDSTEIN
ROBERTO J. GONZALEZ*
CATHERINE L. GOODALL
ERIC GOODISON
CHARLES H. GOOGE, JR.
ANDREW G. GORDON
BRIAN S. GRIEVE
UDI GROFMAN
NICHOLAS GROOMBRIDGE
BRUCE A. GUTENPLAN
ALAN S. HALPERIN
CLAUDIA HAMMERMAN
BRIAN S. HERMANN
MICHELE HIRSHMAN
ROBERT E. HOLO
DAVID S. HUNTINGTON
AMRAN HUSSEIN
LORETTA A. IPPOLITO
JAREN JANGHORBANI
BRIAN M. JANSON
JEH C. JOHNSON
MEREDITH J. KANE
JONATHAN S. KANTER
BRAD S. KARP
PATRICK N. KARSNITZ
JOHN C. KENNEDY

BRIAN KIM
KYLE J. KIMPLER
ALEXIA D. KORBERG
ALAN W. KORNBERG
DANIEL J. KRAMER
CAITH KUSHNER
DAVID K. LAKHDHIR
JOHN E. LANGE
GREGORY F. LAUFER
BRIAN C. LAVIN
XIAOYU GREG LIU
LORETTA E. LYNCH
JEFFREY D. MARELL
MARCO V. MASOTTI
DAVID W. MAYO
JEAN M. MCLOUGHLIN
ALVARO MEMBRILLERA
MARK F. MENDELSOHN
CLAUDINE MEREDITH-GOUJON
WILLIAM B. MICHAEL
JUDIE NG SHORTELL*
CATHERINE NYARADY
JANE B. O'BRIEN
ALEX YOUNG K. OH
BRAD R. OKUN
KELLEY D. PARKER
LINDSAY B. PARKS
VALERIE E. RADWANER
JEFFREY J. RECHER
CARL L. REISNER
LORIN L. REISNER
JEANNIE S. RHEE*
WALTER G. RICCIARDI
WALTER RIEMAN
RICHARD A. ROSEN
ANDREW N. ROSENBERG
JUSTIN ROSENBERG
JACQUELINE P. RUBIN
CHARLES F. "RICK" RULE*
RAPHAEL M. RUSSO
ELIZABETH M. SACKSTEDER
JEFFREY D. SAFERSTEIN
JEFFREY B. SAMUELS
KENNETH M. SCHNEIDER
ROBERT B. SCHUMER
JOHN M. SCOTT
BRIAN SCRIVANI
KYLE T. SEIFRIED
KANNON K. SHANMUGAM*
DAVID R. SICULAR
AUDRA J. SOLOWAY
SCOTT M. SONTAG
SARAH STASNY
TARUN M. STEWART
ERIC ALAN STONE
AIDAN SYNNOTT
BRETTE TANNENBAUM
RICHARD C. TARLOWE
MONICA K. THURMOND
DANIEL J. TOAL
LAURA C. TURANO
CONRAD VAN LOGGERENBERG
LIZA M. VELAZQUEZ
MICHAEL VOGEL
RAMY J. WAHBEH
LAWRENCE G. WEE
THEODORE V. WELLS, JR.
LINDSEY L. WIERSMA
STEVEN J. WILLIAMS
LAWRENCE I. WITDORCHIC
AUSTIN WITT
MARK B. WLAZLO
JULIA TARVER MASON WOOD
JENNIFER H. WU
BETTY YAP*
JORDAN E. YARETT
KAYE N. YOSHINO
TONG YU
TRACEY A. ZACCONE
TAURIE M. ZEITZER
T. ROBERT ZOCHOWSKI, JR.

*NOT ADMITTED TO THE NEW YORK BAR



November 2, 2020

**BY EMAIL/ECF**

The Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

*United States* v. *Anilesh Ahuja*, 18 Cr. 328 (KPF)

Dear Judge Failla:

On behalf of Mr. Ahuja and Mr. Shor, we respectfully write in response to the government's supplemental disclosures and letter to the Court dated October 30, 2020, which were prompted by questions the defendants had raised about the government's September 24, 2020 production. Although the purpose of the September 24 production was to provide a "final response" and a "complete understanding," July 24, 2020 Tr. at 15-16, the latest disclosures by the government show that its September 24 production was neither final nor complete.

Communications Regarding the FOIA Request

On October 30, 2020, the government disclosed for the first time an email that appears to include the contents of a May 27, 2020 chat message between the U.S. Attorney's Office's FOIA Specialist, Darian Hodge, and Theodore Smith, a FOIA attorney at EOUSA. The chat included the following exchange between Mr. Hodge and Mr. Smith:

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Honorable Katherine Polk Failla

> Hodge: This was what I was given so far.  I am reaching out to AUSA Naftalis.
>
> Smith:  Hold off on reaching out to the AUSA for a bit.  I opened one of the files in the Zip you just sent me, and it appears to be an edited version of the allocution.  Again, I won't release that and will withhold it under b5.  But if I can find the final version of the allocution, I'll release it along with the plea agreement.  And if the files in the Zip are all that there is, I'll take my page count from those.
>
> Hodge:  That is all they gave me.  Let me know if you want to reach out to the AUSA.  Looking forward to this one going away.
>
> Smith:  Me too.  And I am hoping I can make it go away today.
>
> Hodge: fingers crossed.

(Exhibit A (emphases added).)  This exchange raises more questions than it answers and reinforces the need for additional document discovery and sworn testimony.

First, the government has provided no explanation for why this document was not produced until now.  Mr. Hodge was one of the custodians whose communications were purportedly searched as part of the government's September 24 production, and the newly produced exchange expressly discusses an "edited version of the allocution" and includes at least one of the search terms the government expressly agreed to use for its September 24 production.  Specifically, on August 3, 2020, after a back-and-forth between the parties about the particulars of the government's searches, the government confirmed that, at the defendants' request, it would "add the search terms Majidi, Rosenberg, Naftalis, and Redline with respect to John [McEnany] and Darian [Hodge's] emails."  The May 27, 2020 exchange between Mr. Hodge and Mr. Smith includes the term "Naftalis" and thus would have been responsive to the agreed-upon search terms.

When the government made its production on September 24, however, its cover letter identified different (and more narrow) search terms it had used for Mr. Hodge's emails, and the search terms no longer included "Naftalis."  We asked the government to explain why it had unilaterally changed the search terms; the government declined to answer and still has not provided an explanation.

Second, the May 27, 2020 exchange makes clear that there were additional communications between Mr. Hodge and Mr. Smith that have not been produced.  Indeed, the exchange begins with Mr. Hodge asking, "Does that look better?"  That question would make no sense if it were their first communication on this topic.  And it is very unlikely that Mr. Hodge and Mr. Smith would have been discussing their desire that a seemingly routine FOIA request "go away" if they had not discussed it previously.  The government also has produced no communications or other documents reflecting how Mr. Hodge received the materials that he passed along to EOUSA.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Honorable Katherine Polk Failla

Third, Mr. Hodge and Mr. Smith's desire to make the FOIA request "go away" itself raises new questions about what they understood, and may have been told by members of the trial team, about the significance of the "edited version of the [Majidi] allocution," and the motivation for withholding that document from the FOIA production. As the Court is aware, the FOIA production did not include the version of the Majidi allocation with the government's edits. The government previously represented to the Court that "AUSA Naftalis did not exercise . . . any influence over what EOUSA produced" (July 16 Letter at 9), and that he had not told his fellow trial team members that he had found the document during the FOIA review (June 19 Letter at 3).

Fourth, the government's explanation for Mr. Hodge's name appearing on the versions of a document produced by EOUSA in response to the FOIA request, but not on the versions that AUSA Naftalis provided to Mr. McEnany, seems to be incomplete or inaccurate. In its October 30 letter, the government asserts that the header with Mr. Hodge's name in it "simply reflect[s] how the documents were processed" because "[w]hen Mr. Hodge processed the documents before sending them to EOUSA, he printed the emails to pdf format." (October 30 Letter at 1–2.) But, if the header was added when Mr. Hodge processed the documents to send to EOUSA, it should appear on all documents produced by EOUSA, and it does not. Rather, Mr. Hodge's name appeared in the EOUSA production only on the cover email from AUSA Naftalis to AUSAs Griswold and Nicholas that attached the edited allocution (which itself was withheld). Mr. Hodge's name did not appear on the other eight documents EOUSA produced.

Documents Withheld from the September 24 Production

On October 30, the government also revealed that it withheld from its September 24 production (without notice to the Court or defense) more than 150 emails and email attachments based on a claim of attorney work product and/or deliberative process privilege. The government's six-page cover letter on September 24 describing its searches and resulting production did not disclose that any documents had been withheld. In our October 1 letter to the government, we pointed out that the government's cover letter was silent on "whether any potentially relevant documents were withheld based on a claim of work product or other privilege," and we requested "a log identifying the basis for withholding such documents" if any were indeed withheld. (October 1 Letter at 5.) The government declined to respond.

The government's privilege log produced on October 30 includes several email exchanges between members of the trial team and counsel for cooperating witness Amin Majidi that were withheld based on claims of attorney work product and/or deliberative process privilege. The government's communications with a third-party, Majidi's counsel, are not protected by the deliberative process privilege. It is also difficult to see how those communications could constitute attorney work product and, even if there were a colorable claim of work product, disclosure would be warranted given the substantial need for the information in the circumstances of this case.

3

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Honorable Katherine Polk Failla

    Moreover, the government's log lacks the information required to meaningfully evaluate its other claims of privilege and/or work product. For the "subject" of each withheld document, for example, the government merely recites the identical generic description "Issues Reflected in 6/19/20 Gov't Ltr to Court." That does not provide a sufficient description of the subject matter of the withheld document, and the government has not even included the actual "subject" line of the withheld documents. For dozens of documents, the only description provided is "email attachment," with no information about the type of document, the author, or the date; instead, the government appears to have logged the date and time of the parent email containing the attachments, as opposed to the individual attachments it withheld.

    In light of the issues described above, we respectfully request that the Court direct the government to: (i) identify any U.S. Attorney's Office personnel who were aware of the May 27, 2020 exchange between Mr. Hodge and Mr. Smith on or before September 24, 2020, and when they first became aware of it; (ii) explain why the government excluded from the search of Mr. Hodge's communications search terms that had been expressly agreed to; (iii) produce all of Mr. Hodge's communications relating to the FOIA request in this case; (iv) produce all communications with Majidi's counsel that were withheld based on a claim of privilege or work product; and (v) supplement its privilege log by providing additional detail about the documents withheld.

    The Court denied the defendants' earlier discovery requests without prejudice and permitted the government to construct searches that would generate a full and complete documentary record. But it is now clear that a significant and clearly relevant exchange about withholding the Majidi allocution was omitted from what was supposed to be the government's "final" production. The government's search methods have repeatedly proven ineffective and failed to capture what they should. It is the government's obligation to find and produce these documents, not the defendants' or the Court's obligation to tell the government how to search. Accordingly, we also respectfully renew our prior discovery requests set forth in the defendants' June 19, 2020 and July 6, 2020 letters to the Court (ECF 366, 385).

                  Respectfully submitted,

                   */s/ Richard C. Tarlowe*

                   Richard C. Tarlowe
                   Roberto Finzi

cc:  Counsel of Record

The Court is in receipt of the Government's supplemental letter dated October 30, 2020 (Dkt. #414), and accompanying materials, and Defendants Ahuja's and Shor's above letter in response (Dkt. #415).  The Government is hereby ORDERED to file a supplemental submission on or before **November 25, 2020,** explaining the following: (i) why the chat communication reproduced on page 2 above, which includes the word "Naftalis," was not produced until the October 30 supplemental production despite that being an agreed-upon search term; and (ii) the discrepancy in when Mr. Hodge's name does or does not appear in the documents produced by EOUSA, as discussed in the second paragraph on page 3 above.  The Government is further ORDERED, by the same date, to produce for *in camera* review all communications and attachments withheld based on a claim of deliberative process privilege or attorney work product.

Dated:   November 11, 2020          SO ORDERED.
         New York, New York

*[signature: Katherine Polk Failla]*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE