

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 25, 2020

BY CM/ECF

The Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

> Re:   United States v. Anilesh Ahuja, et al.
>       S1 18 Cr. 328 (KPF)

Dear Judge Failla:

        The Government respectfully writes in response to the Court's November 11, 2020 Order directing the Government to provide certain additional supplemental information related to AUSA Metzner's Review (the "Review").  (Dkt. 418).

        1.   The Court has directed the Government to explain why the May 27, 2020 chat communication between the U.S. Attorney's Office's Records and Information Management Specialist, Darian Hodge, and EOUSA employee Ted Smith (the "Hodge-Smith Chat") was not produced on September 24, 2020, and was only produced on October 30, 2020.

        On July 31, 2020, as part of the process of collecting documents for the Review, the Government alerted Mr. Hodge about the need to collect communications related to the FOIA request submitted by counsel for Ahuja.  Mr. Hodge indicated that it was his practice to include the FOIA case number unique to a FOIA request in all of his communications concerning that request.  The Government thus believed the case number corresponding to the request by Mr. Ahuja (000663) would be a reasonable search term to capture communications relevant to the Review.  After speaking to Mr. Hodge, the Government sent him an email memorializing the request that he search "text messages, internal chats, and voicemails" that would "concern[] the FOIA Request submitted by counsel for Ahuja."  The email expressly noted the understanding that Mr. Hodge would use the FOIA case number as a search term and suggested that Mr. Hodge also include "Tarlowe," "Ahuja," and "PPI" as search terms.   When that email was sent, the Government had not yet agreed with defense counsel to use certain additional terms for the Hodge review.  Mr. Hodge then began an independent review of his files for relevant communications using both the unique FOIA case number and search terms chosen by Mr. Hodge based on his knowledge and judgement regarding his own files.  The search terms chosen by Mr. Hodge overlapped with but did not duplicate the terms suggested by the Government.

On August 3, 2020, while Mr. Hodge was conducting his review, the Government agreed with defense counsel to apply four additional search terms to the review of Mr. Hodge's emails: "Majidi," "Rosenberg," "Naftalis" and "redline."

Separate from the review being undertaken by Mr. Hodge, on or about August 6, 2020, the Government requested that the IT Department at the U.S. Attorney's Office independently collect all communications for which Mr. Hodge was the custodian from the agreed time periods relevant to Mr. Hodge so that search terms could be run and the materials be made available for AUSA Metzner's Review, as it had done with other custodians relevant to the Review.  When the Government turned to drafting the September 24 letter describing the various components of its document collection and review efforts, it learned that while the vast majority of the requested data for the Review was collected by the IT Department as requested, the Hodge data was not collected.  In order to make sure that there was no ambiguity in the information provided to the Court and defense counsel, the Government made clear in the September 24 letter that the collection of Mr. Hodge's files was conducted by Mr. Hodge.  (*See* Dkt. 406, at 4 n.4). Recognizing that the terms selected by Mr. Hodge varied from the original terms suggested by the Government and that the additional agreed terms had not been provided to Mr. Hodge, the Government also delineated the specific search terms that Mr. Hodge had in fact used. (*Id.*).

In a letter to the Government dated October 1, 2020, counsel for Ahuja asked the Government whether Mr. Hodge had cross-checked the results of his search against the search terms "Naftalis," "PPI," "Tarlowe," "FOIA," and "Ahuja."  (Dkt. 409, at ¶ 6).  On October 20, 2020, the Court directed the Government to address this request.  The Government then applied these search terms to Mr. Hodge's communications and AUSA Metzner reviewed the results.  No additional emails were identified in the course of this review.  This makes sense in light of Mr. Hodge's practice to include the unique FOIA case number on communications relating to a particular FOIA request and the fact that the FOIA case number was used in the search prior to September 24.

The Government did, however, identify the Hodge-Smith Chat, which no one from the Government other than Mr. Hodge had ever seen before.  While the Government's agreement to apply the additional search terms applied only to emails, the chat was identified as skype chat messages are typically backed up within a custodian's archived emails.  The Government then produced the Hodge-Smith Chat on October 30, 2020.  Having conferred with Mr. Hodge in preparing this letter, Mr. Hodge clarified that while it is his practice to include the unique FOIA case number in all *emails* relating to a particular FOIA request, this practice has not extended to skype chats.  On the day of the Hodge-Smith Chat, Mr. Hodge recalls that he was having some trouble with Outlook which is why he was communicating with Mr. Smith by chat.[1]

AUSA Metzner has also spoken with Mr. Hodge about the content of the Hodge-Smith Chat.  Mr. Smith is a DOJ attorney at EOUSA assigned to review material potentially responsive to FOIA requests for final release.  Statements in the Hodge-Smith Chat relate to (a) technical difficulties Mr. Hodge was experiencing in submitting records to Mr. Smith; and

---

[1]   Mr. Hodge also confirmed to members of the Trial Team on November 24, 2020 that he has no voicemails or text messages relating to the Ahuja FOIA request.

(b) his wanting to resolve the technical issues so the response could be completed.   More specifically:

- The statement at the outset of the Hodge-Smith Chat — "Does that look better?" — refers to an issue relating to how responsive records that originated as emails are submitted to EOUSA. To be submitted via the FOIA portal, the records are converted to pdf, and emails with attachments will show a link to those attachments. However, in this case the link was empty, because the conversion had not included the attachments.  This is a common issue with the FOIA portal.  After learning of the issue, Mr. Hodge went back and sent the email attachments as separate pdf files. The opening question of the chat referred to whether Mr. Smith was able to receive and view those submissions.

- After Mr. Smith referred to needing to review draft plea agreements and draft allocutions for which the links did not work, Mr. Hodge forwarded to Mr. Smith the entire zip file of responsive materials he had received from AUSA Naftalis. This was the same content that Mr. Hodge had endeavored to submit via the FOIA portal, but which had not completely gone through because of the technical issues discussed above.  During a pause in the conversation, Mr. Hodge offered to reach back out to AUSA Naftalis.  Mr. Hodge had no reason to believe any materials were missing but was making this offer in case the temporary pause in the conversation reflected any questions on Mr. Smith's part.  However, Mr. Smith then finished his review of the zip file and told Mr. Hodge to hold off on contacting AUSA Naftalis. Mr. Hodge understood Mr. Smith to be indicating that Mr. Smith had what he needed to complete the response.  Mr. Hodge did not reach back out to AUSA Naftalis.

- Smith was able to open the zip file and to see the email attachments, including an edited version of the plea allocution.  Smith asked if the zip file was the entirety of the production; if so, he intended to use that to determine the page count of responsive materials.  Hodge replied, "that is all they gave me."

- When Mr. Hodge said, "looking forward to this one going away," he was referencing the annoyances caused by the technical difficulties of submitting the responsive materials to EOUSA.  Hodge was hoping to close the case and move on to other pending FOIA requests, of which he had several.  He tries to keep the number of pending requests as low as possible, so that requests do not take longer than necessary.  His thought was to get the response done and resolved correctly so that he could move on to the next request.  His impression was that Mr. Smith's response was in a similar vein, given the large docket of requests that the EOUSA FOIA attorneys routinely handle.  Mr. Hodge stated that this statement had nothing to do with anything related to the content of the production, or to anything external to the mechanics of the production itself.

2.  The Government has also conferred with Mr. Hodge about why the "Hodge" header appears on certain emails that EOUSA produced to the defendants in late May 2020,

including the October 30, 2018 email, and not others.  Mr. Hodge believes that the most likely reason the header appears is because of how he processed the various documents for transmittal to EOUSA.  In Mr. Hodge's experience, when emails are converted to pdf, the "Hodge" header sometimes appears, although this is not always the case.

As the Government has made clear, including in its June 19, 2020, July 16, 2020, and October 30, 2020 letters to the Court (Dkt. 368, 390, 414) and in a July 23, 2020 email exchange with the defendants (Ex. A hereto), Mr. Hodge transmitted to EOUSA all of the emails and attachments (including the October 30, 2018 email and attachment) that were appended to the March 9, 2020 email.  Moreover, AUSA Naftalis had no role in, influence over, or knowledge of Mr. Hodge's transmittal of the documents to EOUSA, the timing of their transmission, what documents EOUSA produced to the defendants in response to the FOIA Request, or the basis for EOUSA's decisions.

3.   Attached for the Court's *in camera* review are all communications and attachments that AUSA Metzner withheld from production based on a claim of deliberative process privilege or attorney work product. [2]   Those documents are Bates stamped SDNY_PPI_00303 through SDNY_PPI_00574.  For the avoidance of doubt, the Government notes that, to the extent that certain withheld emails attached communications with Majidi's counsel, those communications were previously produced to the defendants and the Court no later than June 26, 2020.

None of this supplemental information alters the Government's position that there is no basis for additional discovery or relief, nor any basis to undermine confidence in the verdict.

Respectfully submitted,

AUDREY STRAUSS
Acting United States Attorney

By:      /s/
Andrea M. Griswold
Joshua A. Naftalis
Max Nicholas
Assistant United States Attorneys
(212) 637-1205/2310/1565

Enclosures

cc:     Counsel of record

---

[2]   As noted in the Government's October 30, 2020 letter, to the extent that the production includes blank pages, those pages represent non-content files (often titled "ATT00001.htm") that are automatically included when an email attachment is forwarded from a work cellphone.