

Justin S. Weddle
212 - 997 - 5518 (o)
347 - 421 - 2062 (m)
jweddle@weddlelaw.com

December 7, 2020

**By Email/ECF**

Honorable Katherine Polk Failla
United States District Judge
40 Foley Square
New York, NY 10007

Re:   *United States v. Ahuja and Shor*, 18 Cr. 328 (KPF)

Dear Judge Failla:

    On behalf of Jeremy Shor and Anilesh Ahuja, we respectfully submit this letter in response to the government's letter dated November 25, 2020 (ECF 419).

    While we remain confused about many of the government's responses and disappointed by their failure to provide the information requested by the defense and the Court,[1] we do not believe that further letters back-and-forth between the parties on these issues is productive. We accordingly write to request that the Court (i) direct that the government respond to the defense's discovery requests, set forth in our letters dated June 19, 2020 and July 6, 2020 (ECF 366, 385), to the extent the requested materials have not been produced already;[2] and (ii) schedule the evidentiary hearing. (Transcript of Proceedings on July 24,

---

[1] The government's response to the Court's Order with respect to the missing May 27, 2020 chat is a good example. On November 11, 2020, Your Honor directed the government to explain why the chat, which clearly hit on search terms the government represented it would use, had not previously been produced. (ECF 418). Although never directly stated in the government's lengthy response, the answer seems to be simple: nobody on behalf of the government (i.e., not Mr. Hodge, the trial AUSAs, Mr. Metzner, nor the IT Department) conducted the search that the government represented it would conduct. The government did not alert the Court or the defendants of that fact, although it was well known to the trial AUSAs before they filed their September 24, 2020 letter about the search. (Nov. 25, 2020 letter at 2). Nor did the government admit this failure when the defense requested clarification by letter dated October 1, 2020 (after painstakingly comparing the government's September 24, 2020 letter with the government's previous representations). Instead, Court intervention was required, which resulted in the government's belated explanation.

[2] As explained in the defense's November 2, 2020 letter (ECF 415), it remains clear that there are additional, unproduced documents. For example, the government has produced no documents reflecting Mr. McEnany's transmission to Mr. Hodge of the materials sent by AUSA Naftalis, nor has the government produced documents reflecting the remainder of the Hodge-Smith communication (such as phone records, other skype chats, or other forms of communication). And it is clear that further


2020, at 17-18 (the Court indicating to a "near certainty" that there will be a hearing with witness testimony)). To the extent that the Court's *in camera* review of documents the government withheld based on a claim of privilege or attorney work product results in additional productions or inquiries of the government, we request that the government be directed to make such productions or respond to those inquiries prior to the hearing.

The Court has indicated a preference for in-person testimony (*id.* at 18), and the defense shares that preference. We accordingly request that the hearing take place as soon as in-person hearings can be conducted safely and consistently with standing orders regarding COVID-related restrictions.

Respectfully submitted,

Justin S. Weddle

---

gaps in the government's production exist between the searches conducted on emails versus internal chats, skype chats, text messages, or instant messages.