UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------

UNITED STATES OF AMERICA

-v.-

ANILESH AHUJA and JEREMY SHOR,

Defendants.

18 Cr. 328 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

On June 19, 2020, Defendant Jeremy Shor filed a motion to obtain documents relating to putative disclosure violations by the Government during pretrial and trial proceedings in this case. (Dkt. #366). That motion, joined in by Defendant Anilesh Ahuja, spawned several orders from the Court, an extended oral argument, and Court-ordered disclosures from the Government. (*See, e.g.*, Dkt. #367, 368, 370, 371, 384, 385, 389, 390, 392, 393, 395, 396, 397, 399, 406, 409, 410, 411, 412, 414, 415). The Court has reviewed all of the materials produced by the Government in response to its orders, including certain materials it has reviewed *in camera*. (*See, e.g.*, Dkt. #418, 419, 420).

The Court begins with the results of its *in camera* reviews, the first of which concerned certain text messages that had been produced to the defense in a redacted format and the second of which concerned certain communications withheld on the basis of the deliberative process privilege and/or the attorney work product doctrine. (Dkt. #412, 418). Having examined these materials with care, the Court will not order the Government to produce any of these materials to the defense. Put simply, the redacted and withheld materials have no relevance to any of the issues currently before the

Court, and certain of them reflect personal or sensitive information that this Court sees no reason to disclose.

Turning to the broader review of these materials, the Court concludes that, with the exception identified below, additional discovery and/or an evidentiary hearing is not warranted. Accordingly, the Court denies the defense application that it direct the Government to respond to the defense's discovery requests set forth in two prior letters. (Dkt. #420 (citing Dkt. #366, 385)). For avoidance of doubt, the Court has not forgotten its prior statements contemplating a hearing with witness testimony. However, the Court finds that the materials disclosed by the Government illuminate several issues, including the prosecution team's previous disclosures regarding Defendant Amin Majidi's plea allocution; they do not, however, reveal more systemic disclosure problems or other issues warranting additional discovery or investigation.

That said, and despite the voluminous materials it has reviewed, the Court finds itself at the same place it was in June 2020, when it first learned that "certain representations [the Government] made to the Court during trial about the Government's communications with counsel for cooperating witness Amin Majidi prior to Majidi's guilty plea were wrong." (Dkt. #370 at 1). The Court remains at a loss to understand how and why this misinformation was communicated to the Court and the defense in June 2019; why it could not have been corrected during the course of the trial; and why the Court was not made aware by the Government of its erroneous representations until some time after a Freedom of Information Act ("FOIA") disclosure to defense counsel.

Irrespective of the views of the Government or Mr. Majidi's counsel as to whether these allocution-related communications were properly subject to disclosure under *Brady* v. *Maryland*, 373 U.S. 83 (1963), *Giglio* v. *United States*, 405 U.S. 150 (1972), or their progeny, the fact remains that the Court asked specific questions that one Assistant United States Attorney answered incorrectly, while two other Assistant United States Attorneys sat mute nearby.

The Court's interactions with the prosecution team on June 10, 2019, did not suggest that any member of the team was confused by the Court's questions. What is more, while certain answers were phrased in terms of the particular AUSA's recollection, the FOIA production underscores that nothing prevented the prosecution team from checking its files that evening (or over the ensuing five weeks of trial) to confirm their respective recollections — and, more pointedly, the accuracy of their representations to the Court. Accordingly, the Court directs the Government to provide sworn statements from all three members of the prosecution team, including the former prosecutor who recently left the United States Attorney's Office and was terminated from the docket. Each prosecutor-declarant is ORDERED to identify: (i) the nature and scope of their involvement in any plea discussions with Mr. Majidi or his counsel; (ii) their involvement in any communications with their colleagues, Mr. Majidi, and/or his counsel regarding the substance of Mr. Majidi's allocution; (iii) the date, time, parties to, and mode of communicating for each of these communications; (iv) the totality of the prosecutor-declarant's knowledge, as of June 10, 2019, concerning any

communications by and among representatives of the United States Attorney's Office, Mr. Majidi, and/or Mr. Majidi's counsel regarding the substance of Mr. Majidi's plea allocution; (v) to the extent the prosecutor-declarant answered questions from the Court regarding Mr. Majidi's plea allocution on June 10, 2019, the bases for the answers they provided, any areas as to which they had any uncertainty in their answers to the Court, and any steps taken at any time after June 10, 2019, in order to confirm the accuracy of their representations to the Court; and (vi) to the extent the prosecutor-declarant witnessed other members of the prosecution team answer questions from the Court regarding Mr. Majidi's plea allocution on June 10, 2019, their contemporaneous belief as to the accuracy of their colleague's representations to the Court, the bases for that belief, and any steps taken by the prosecutor-declarant at any time after June 10, 2019, in order to confirm the accuracy of their colleague's representations to the Court.  The sworn statements are due to the Court on or before **February 12, 2021**.  Should the Government believe that sealing or redaction of any submission is warranted, it may apply to the Court for leave to file under seal or in redacted form.  After the Court receives and reviews the sworn statements, it will schedule briefing on the contemplated motions of Defendants Ahuja and Shor.

      The Clerk of Court is directed to terminate the motion at docket number 366, resolved by this and prior Orders of the Court.

SO ORDERED.

Dated:  January 13, 2021
         New York, New York

_____<br>
KATHERINE POLK FAILLA<br>
United States District Judge