



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*



October 19, 2018

BY E-MAIL

Seth L. Rosenberg, Esq.
Brian D. Linder, Esq.
Clayman & Rosenberg LLP
305 Madison Avenue, Suite 1301
New York, New York  10165

     Re:    Amin Majidi

Dear Messrs. Rosenberg and Linder:

On the understandings specified below, the Office of the United States Attorney for the Southern District of New York ("this Office") will accept a guilty plea from Amin Majidi (the "defendant") to Indictment 18 Cr. 328 (KPF) (the "Indictment") charging him in four counts.

Count One of the Indictment charges the defendant with conspiracy to commit securities fraud, from at least in or about 2014 through in or about 2016, in violation of Title 18, United States Code, Section 371, and carries a maximum sentence of imprisonment of five years; a maximum term of supervised release of three years; a maximum fine, pursuant to Title 18, United States Code, Section 3571, of the greatest of $250,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to persons other than the defendant resulting from the offense; and a $100 mandatory special assessment.

Count Two of the Indictment charges the defendant with conspiracy to commit wire fraud, from at least in or about 2014 through in or about 2016, in violation of Title 18, United States Code, Section 1349, and carries a maximum sentence of imprisonment of 20 years; a maximum term of supervised release of three years; a maximum fine, pursuant to Title 18, United States Code, Section 3571, of the greatest of $250,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to persons other than the defendant resulting from the offense; and a $100 mandatory special assessment.

Count Three of the Indictment charges the defendant with securities fraud, from at least in or about 2014 through in or about 2016, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, Title 17, Code of Federal Regulations, Section 240.10b-5, and Title 18, United States Code, Section 2, and carries a maximum sentence of imprisonment of 20 years; a maximum term of supervised release of three years; a maximum fine, pursuant to Title 18, United States Code, Section 3571, and Title 15, United States Code, Section 78ff(a), of the greatest of $5,000,0000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary

loss to persons other than the defendant resulting from the offense; and a $100 mandatory special assessment.

Count Four of the Indictment charges the defendant with wire fraud, from at least in or about 2014 through in or about 2016, in violation of Title 18, United States Code, Sections 1343 and 2, and carries a maximum sentence of imprisonment of 20 years; a maximum term of supervised release of three years; a maximum fine, pursuant to Title 18, United States Code, Section 3571, of the greatest of $250,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to persons other than the defendant resulting from the offense; and a $100 mandatory special assessment.

The total maximum sentence of incarceration on Counts One through Four of the Indictment is 65 years' imprisonment.

It is further understood that the defendant shall make restitution in an amount to be specified by the Court in accordance with Title 18, United States Code, Sections 3663, 3663A, and 3664. This amount shall be paid according to a plan established by the Court.

The defendant furthermore admits the forfeiture allegations with respect to Counts One through Four of the Indictment, and agrees to forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461, any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offenses alleged in Counts One through Four of the Indictment (the "Money Judgment"). It is further understood that any forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

It is understood that the defendant (a) shall truthfully and completely disclose all information with respect to the activities of himself and others concerning all matters about which this Office inquires of him, which information can be used for any purpose; (b) shall cooperate fully with this Office, the Federal Bureau of Investigation, and any other law enforcement agency designated by this Office; (c) shall attend all meetings at which this Office requests his presence; (d) shall provide to this Office, upon request, any document, record, or other tangible evidence relating to matters about which this Office or any designated law enforcement agency inquires of him; (e) shall truthfully testify before the grand jury and at any trial and other court proceeding with respect to any matters about which this Office may request his testimony; (f) shall bring to this Office's attention all crimes which he has committed, and all administrative, civil, or criminal proceedings, investigations, or prosecutions in which he has been or is a subject, target, party, or witness; and, (g) shall commit no further crimes whatsoever. Moreover, any assistance the defendant may provide to federal criminal investigators shall be pursuant to the specific instructions and control of this Office and designated investigators.

It is understood that this Office cannot, and does not, agree not to prosecute the defendant for criminal tax violations, if any. However, if the defendant fully complies with the understandings specified in this Agreement, no testimony or other information given by him (or any other information directly or indirectly derived therefrom) will be used against him in any

criminal tax prosecution. Moreover, if the defendant fully complies with the understandings specified in this Agreement, he will not be further prosecuted criminally by this Office for any crimes, except for criminal tax violations, related to his participation in securities fraud and wire fraud, as well as a conspiracy to commit securities fraud and wire fraud, from in or about 2014 through in or about 2016, in relation to a scheme to defraud investors in funds managed by a New York-based asset management firm by fraudulently inflating the net asset value ("NAV") of those funds, as charged in Counts One through Four of the Indictment, to the extent that he has disclosed such participation to this Office as of the date of this Agreement. This Agreement does not provide any protection against prosecution for any crimes except as set forth above.

It is understood that this Agreement does not bind any federal, state, or local prosecuting authority other than this Office. This Office will, however, bring the cooperation of the defendant to the attention of other prosecuting offices, if requested by him.

It is understood that the sentence to be imposed upon the defendant is within the sole discretion of the Court. This Office cannot, and does not, make any promise or representation as to what sentence the defendant will receive, and will not recommend any specific sentence to the Court. However, this Office will inform the Probation Office and the Court of (a) this Agreement; (b) the nature and extent of the defendant's activities with respect to this case and all other activities of the defendant which this Office deems relevant to sentencing; and (c) the nature and extent of the defendant's cooperation with this Office. In so doing, this Office may use any information it deems relevant, including information provided by the defendant both prior to and subsequent to the signing of this Agreement. In addition, if this Office determines that the defendant has provided substantial assistance in an investigation or prosecution, and if he has fully complied with the understandings specified in this Agreement, this Office will file a motion, pursuant to Section 5K1.1 of the Sentencing Guidelines, requesting the Court to sentence the defendant in light of the factors set forth in Section 5K1.1(a)(1)-(5). It is understood that, even if such a motion is filed, the sentence to be imposed on the defendant remains within the sole discretion of the Court. Moreover, nothing in this Agreement limits this Office's right to present any facts and make any arguments relevant to sentencing to the Probation Office and the Court, or to take any position on post-sentencing motions. The defendant hereby consents to such adjournments of his sentence as may be requested by this Office.

It is understood that, should this Office determine either that the defendant has not provided substantial assistance in an investigation or prosecution, or that the defendant has violated any provision of this Agreement, such a determination will release this Office from any obligation to file a motion pursuant to Section 5K1.1 of the Sentencing Guidelines, but will not entitle the defendant to withdraw his guilty plea once it has been entered.

It is understood that, should this Office determine, subsequent to the filing of a motion pursuant to Section 5K1.1 of the Sentencing Guidelines, that the defendant has violated any provision of this Agreement, this Office shall have the right to withdraw such motion.

It is understood that, should the defendant commit any further crimes or should it be determined that he has given false, incomplete, or misleading testimony or information, or should he otherwise violate any provision of this Agreement, the defendant shall thereafter be subject to

prosecution for any federal criminal violation of which this Office has knowledge, including perjury and obstruction of justice. Any such prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

It is understood that in the event that it is determined that the defendant has committed any further crimes, given false, incomplete, or misleading testimony or information, or otherwise violated any provision of this Agreement, (a) all statements made by the defendant to this Office or other designated law enforcement agents, and any testimony given by the defendant before a grand jury or other tribunal, whether prior to or subsequent to the signing of this Agreement, and any leads from such statements or testimony shall be admissible in evidence in any criminal proceeding brought against the defendant; and (b) the defendant shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, or any other federal rule that such statements or any leads therefrom should be suppressed. It is the intent of this Agreement to waive all rights in the foregoing respects.

It is further understood that this Office will not object to the defendant's continued release on the bail conditions as set forth at the May 9, 2018 hearing. This Office reserves the right to move without notice to the defendant for a revocation or modification of the above bail conditions should it determine that the defendant has violated any provision of this Agreement or condition of his release, or should it determine that such a revocation or modification is otherwise appropriate. The defendant hereby consents to any such revocation or modification.

The defendant hereby acknowledges that he has accepted this Agreement and decided to plead guilty because he is in fact guilty. By entering this plea of guilty, the defendant waives any and all right to withdraw his plea or to attack his conviction, either on direct appeal or collaterally, on the ground that the Government has failed to produce any discovery material, *Jencks* Act material, exculpatory material pursuant to *Brady* v. *Maryland*, 373 U.S. 83 (1963), other than information establishing the factual innocence of the defendant, or impeachment material pursuant to *Giglio* v. *United States*, 405 U.S. 150 (1972), that has not already been produced as of the date of the signing of this Agreement.

The defendant recognizes that, if he is not a citizen of the United States, his guilty plea and conviction make it very likely that his deportation from the United States is presumptively mandatory and that, at a minimum, he is at risk of being deported or suffering other adverse immigration consequences. The defendant acknowledges that he has discussed the possible immigration consequences (including deportation) of his guilty plea and conviction with defense counsel. The defendant affirms that he wants to plead guilty regardless of any immigration consequences that may result from the guilty plea and conviction, even if those consequences include deportation from the United States. It is agreed that the defendant will have no right to withdraw his guilty plea based on any actual or perceived adverse immigration consequences (including deportation) resulting from the guilty plea and conviction. It is further agreed that the defendant will not challenge his conviction or sentence on direct appeal, or through litigation under

Title 28, United States Code, Section 2255 and/or Section 2241, on the basis of any actual or perceived adverse immigration consequences (including deportation) resulting from his guilty plea and conviction.

This Agreement supersedes any prior understandings, promises, or conditions between this Office and the defendant. No additional understandings, promises, or conditions have been entered into other than those set forth in this Agreement, and none will be entered into unless in writing and signed by all parties.

Very truly yours,

AUDREY STRAUSS
Attorney for the United States,
Acting Under Authority Conferred by
28 U.S.C. § 515

By: _____
Joshua A. Naftalis
Andrea M. Griswold
Max C. Nicholas
Assistant United States Attorneys
(212) 637-2310/1205/1565

APPROVED:

_____
LISA ZORNBERG
Chief, Criminal Division

AGREED AND CONSENTED TO:

_____
Amin Majidi

_____
DATE   10/31/18

APPROVED:

_____
Seth L. Rosenberg, Esq.
Brian D. Linder, Esq.
Attorneys for Amin Majidi

_____
DATE   12/31/18

2017.09.29