**To:**       McEnany, John (USANYS)[JMcEnany@usa.doj.gov]
**From:**    Naftalis, Joshua (USANYS)
**Sent:**    Tue 1/28/2020 3:58:29 PM
**Subject:**  RE: EOUSA-2020-000663 FOIA Request
RichardTarlowe1-22-2020.pdf
Ex. D -- Dkt. 213 (June 10, 2019 Order).pdf

Here you go.

_____

**From:** Naftalis, Joshua (USANYS)
**Sent:** Tuesday, January 28, 2020 8:41 AM
**To:** McEnany, John (USANYS) <JMcEnany@usa.doj.gov>
**Subject:** Fwd: EOUSA-2020-000663 FOIA Request

John,

Can we talk about the below today?  This relates to the PPI securities fraud case that I tried before
Judge Failla this summer and which is on appeal now.  The request was made by Paul Weiss, who is
counsel to one of the defendants.

Thanks,

Josh


Begin forwarded message:

        **From:** "Hodge, Darian (USANYS)" <DHodge@usa.doj.gov>
**Date:** January 27, 2020 at 5:14:41 PM EST
**To:** "Naftalis, Joshua (USANYS)" <JNaftalis@usa.doj.gov>, "Griswold, Andrea (USANYS)"
        <AGriswold@usa.doj.gov>, "Nicholas, Max (USANYS)" <MNicholas@usa.doj.gov>
**Subject: EOUSA-2020-000663 FOIA Request**


        Since this is an active case, I need to get your input on this.

        Thanks!

        Request #1: Any emails sent to or from Joshua Naftalis (joshua.naftalis@usdoj.gov),
        Assistant United States Attorney for the Southern District of New York, on October 29,
        2018, October 30, 2018, or October 31, 2018, concerning the substance or content of any
        draft or actual plea allocution relating to Anilesh Ahuja, Amin Majidi, Jeremy Shor or
        Premium Point Investments (also referred to as "PPI").

        Request #2: All versions (whether in electronic or hardcopy form) of any draft or actual
        plea allocution concerning Anilesh Ahuja, Amin Majidi, Jeremy Shor or Premium Point
        Investments, created or modified by AUSA Joshua Naftalis, United States Attorney's
        Office for the Southern District of New York, on October 29, 2018, October 30, 2018 or
        October 31, 2018.

SDNY_PPI_00169

_____
Darian Hodge



**UNITED STATES ATTORNEY'S OFFICE**
*Southern District of New York*

SDNY_PPI_00170



SDNY_PPI_00171

—

Attachment

Form No. 001 - 8/16

*2020 JAN 22 AM 11: 36*

**THIS IS NOT A BILL.  DO NOT SEND MONEY**

************* ~~EOUSA-201*-00*****~~ *EOUSA  2020 - 000663*

**CHOOSE ONE**

_____I wish to modify my request in an attempt to obtain a quicker response and/or reduce fees as follows:

_____

_____

_____

_____

_____

_____I understand that I am entitled to the first 100 pages and two hours of search time for free.  Please do not search beyond two hours, nor duplicate beyond 100 pages.

✓ I agree to pay up to the following amount for duplication and search time: $__*2,000*__ **I understand that this payment is required even if no documents are located or released to me.**  In the event that documents are located and released to me, I understand that I may be charged duplication fees in addition to search fees.

_____I wish to withdraw my request.

_____    _____
Signature                                         Date   *1-6-20*

Please return to:

EOUSA

2

SDNY_PPI_00172

FOIA/PA

600 E Street, N.W., Room 7300

Washington, DC 20530

[1] Search and review fees by professional personnel are charged at $40 per hour and duplication fees are assessed at five cents per page

SDNY_PPI_00173

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

ANILESH AHUJA and JEREMY SHOR,

Defendants.

18 Cr. 328 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

The Court has considered the motion of Defendant Jeremy Shor, which motion is joined by Defendant Anilesh Ahuja, (i) announcing an intention to cross-examine cooperating witnesses Amin Majidi and Frank Dinucci (together, the "Cooperating Witnesses") regarding certain alterations identified between proposed plea allocutions and the actual allocutions given at their respective guilty plea proceedings; (ii) announcing an intention to call additional witnesses, including counsel for each cooperating witness, "to testify about the Government's apparent efforts to influence the relevant plea allocutions…"; and (iii) requesting an adverse inference instruction from the Court regarding the timing of the Government's disclosures. For the reasons set forth in the remainder of this Order, the Court precludes the two forms of testimony identified and denies the requested instruction.

After obtaining clarification from counsel during oral argument this afternoon, the Court understands that there are two issues implicated by Mr. Shor's request. The first issue concerns whether the Government acted improperly in seeking, obtaining, reviewing, and/or commenting on the proposed plea allocutions of the Cooperating Witnesses. On the record before

SDNY_PPI_00174

the Court — which includes extensive questioning of those prosecutors with firsthand knowledge of the events — the Court finds no improper conduct.

As suggested by its questioning, the Court does not believe that it is *per se* improper for a prosecutor to review, or even to comment on, a proposed plea allocution. Among other things, the Government has an interest in ensuring that the plea allocution suffices to state an offense. The conduct recalled by the prosecutors in this case was neither improper nor meriting of disclosure to the jury. There is nothing to suggest, for example, that the prosecutors compelled either witness to change his allocution, or that they suggested any modifications that were inconsistent with the substance of the witness's proffer statements. More to the point, and paraphrasing Mr. Shor's argument, there is nothing in this record to suggest that "the Government conveyed a message to [the cooperating witness's] counsel that the proposed allocution should be revised to eliminate portions that would have been favorable to [Defendants] and inconsistent with the Government's theory of the prosecution, and to replace them with statements that aligned with the Government's prosecution theory and undercut [Defendants'] defense."

For completeness, the Court intends to inquire of the Cooperating Witnesses' attorneys, Mr. Seth Rosenberg and Mr. Daniel Zinman, as to their recollections of their conversations with the prosecutors concerning the respective plea allocutions. The Court contemplates that such inquiry will take place outside of the presence of the jury, prior to the testimony of the witness. The Court emphasizes, however, that it intends to steer clear of questions that

2

would implicate the attorney-client privilege held by each of the Cooperating Witnesses.

The second issue concerns defense counsel's ability to question each of the Cooperating Witnesses about the differences between their proposed and actual plea allocutions. For purposes of this discussion, the Court assumes, without deciding, that each proposed allocution qualifies as a statement adopted by the relevant Cooperating Witness. And for purposes of this analysis, the Court has attempted to analogize the proposed allocutions to other statements of significance made by a defendant in a criminal prosecution, such as a proffer statement or an interview with a law enforcement agent. After all, the probative value of the allocution lies not merely in its substance, but in the context in which it was intended to be made, i.e., a guilty plea proceeding.

Having considered the matter at length, the Court will preclude cross-examination of the Cooperating Witnesses on the proposed allocutions pursuant to Federal Rule of Evidence 403. While there is some probative value to identifying the alterations, it is far outweighed by the potential for confusing the jury. In this regard, the Court returns to its prior finding that the prosecutors did not engage in misconduct in their communications with the Cooperating Witnesses' counsel with respect to the allocutions. Cross-examination that disclosed this Government involvement could leave a misimpression with the jury that the Government acted improperly — indeed, that is one of defense counsel's stated objectives. Conversely, cross-

3

SDNY_PPI_00176

examination that omitted the involvement of the Government would improperly distort the record.

A second basis for preclusion concerns the plea allocution process more broadly. Unlike a proffer session or an interview with a law enforcement officer, where a witness is expected to provide comprehensive responses to the questions asked, a plea allocution does not require the defendant to identify every detail of the defendant's criminal conduct, but rather requires only that the court be satisfied "that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). Cross-examination on this topic would require the Court to provide the jury with a tutorial on the requirements of Rule 11, which would only exacerbate the risk of juror confusion.

A third, and related, basis for preclusion concerns the involvement of the Cooperating Witnesses' counsel in the respective plea allocutions. The Court sees no way to cross-examine these witnesses on changes to their plea allocutions without implicating the attorney-client privilege that each witness holds. The Court will not require these witnesses to waive the privilege on the record before it. And explaining issues of privilege and its waiver to the jury will only muddle the issues further.

In short, permitting cross-examination on the proposed allocutions would result in a minefield of unrelated privilege and procedural issues. Given what the Court has observed and reviewed to date, there is abundant evidence on which to cross-examine each of the Cooperating Witnesses, and the

SDNY_PPI_00177

marginal probative value of cross-examination on the proposed allocutions is dwarfed by the likelihood of juror confusion.

Mr. Shor's final request is for an adverse inference instruction. Though there have been problems with the Government's discharge of its disclosure obligations, the Court believes that those matters have been resolved by the Government's compliance with the Court's recent directives. It therefore denies the request, without prejudice to its renewal if and as circumstances warrant.

SO ORDERED.

Dated: June 10, 2019
      New York, New York

_____
    KATHERINE POLK FAILLA
    United States District Judge

5