**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

LLOYD K. GARRISON    (1946-1991)
RANDOLPH E. PAUL    (1946-1956)
SIMON H. RIFKIND    (1950-1995)
LOUIS S. WEISS      (1927-1950)
JOHN F. WHARTON     (1927-1977)

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

SUITES 3601 – 3606 & 3610
36/F, GLOUCESTER TOWER
THE LANDMARK
15 QUEEN'S ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

WRITER'S DIRECT DIAL NUMBER
(212) 373-3311

WRITER'S DIRECT FACSIMILE
(212) 492-0311

WRITER'S DIRECT E-MAIL ADDRESS
rfinzi@paulweiss.com

MATTHEW W. ABBOTT
EDWARD T. ACKERMAN
JACOB A. ADLERSTEIN
JUSTIN ANDERSON
ALLAN J. ARFFA
JONATHAN H. ASHTOR
ROBERT A. ATKINS
SCOTT A. BARSHAY
PAUL M. BASTA
J. STEVEN BAUGHMAN
LYNN B. BAYARD
CRAIG A. BENSON
MARK S. BERGMAN
DAVID M. BERNICK
JOSEPH J. BIAL
BRUCE BIRENBOIM
H. CHRISTOPHER BOEHNING
BRIAN BOLIN
ANGELO BONVINO
ROBERT BRITTON
DAVID W. BROWN
WALTER BROWN*+
SUSANNA M. BUERGEL
JESSICA S. CAREY
DAVID CARMONA
GEOFFREY R. CHEPIGA
ELLEN N. CHING
WILLIAM A. CLAREMAN
LEWIS R. CLAYTON
YAHONNES CLEARY
RACHAEL G. COFFEY
JAY COHEN
KELLEY A. CORNISH
CHRISTOPHER J. CUMMINGS
THOMAS V. DE LA BASTIDE III
MEREDITH DEARBORN*+
ARIEL J. DECKELBAUM
KAREN L. DUNN
ALICE BELISLE EATON
ANDREW J. EHRLICH
GREGORY A. EZRING
ROSS A. FIELDSTON
ANDREW C. FINCH
BRAD J. FINKELSTEIN
BRIAN P. FINNEGAN
ROBERTO FINZI
PETER E. FISCH
HARRIS FISCHMAN
ANDREW J. FOLEY
ANDREW J. FORMAN*
VICTORIA S. FORRESTER
HARRIS B. FREIDUS
CHRISTOPHER D. FREY
MANUEL S. FREY
ANDREW L. GAINES
KENNETH A. GALLO
MICHAEL E. GERTZMAN
ADAM M. GIVERTZ
SALVATORE GOGLIORMELLA
NEIL GOLDMAN
MATTHEW B. GOLDSTEIN
ROBERTO J. GONZALEZ*
CATHERINE L. GOODALL
CHARLES H. GOOGE, JR.
ANDREW G. GORDON
BRIAN S. GRIEVE
UDI GROFMAN
NICHOLAS GROOMBRIDGE
BRUCE A. GUTENPLAN
MELINDA HAAG*
ALAN S. HALPERIN
CLAUDIA HAMMERMAN
BRIAN S. HERMANN
MICHELE HIRSHMAN
JARRETT R. HOFFMAN
ROBERT E. HOLO
DAVID S. HUNTINGTON
AMRAN HUSSEIN
LORETTA A. IPPOLITO
WILLIAM A. ISAACSON*
JAREN JANGHORBANI
BRIAN M. JANSON
JEH C. JOHNSON
BRAD S. KARP
PATRICK N. KARSNITZ
JOHN C. KENNEDY
BRIAN KIM
KYLE J. KIMPLER
ALEXIA D. KORBERG
ALAN W. KORNBERG
DANIEL J. KRAMER
CAITH KUSHNER
DAVID K. LAKHDHIR
GREGORY F. LAUFER
BRIAN C. LAVIN
XIAOYU GREG LIU
RANDY LUSKEY*+
LORETTA E. LYNCH
JEFFREY D. MARELL
MARCO V. MASOTTI
DAVID W. MAYO
ELIZABETH R. MCCOLM
JEAN M. MCLOUGHLIN
ALVARO MEMBRILLERA
MARK F. MENDELSOHN
CLAUDINE MEREDITH-GOUJON
WILLIAM B. MICHAEL
JUDIE NG SHORTELL*
CATHERINE NYARADY
JANE B. O'BRIEN
ALEX YOUNG K. OH
BRAD R. OKUN
LINDSAY B. PARKS
ANDREW M. PARLEN
DANIELLE C. PENHALL
CHARLES J. PESANT
JESSICA E. PHILLIPS*
VALERIE E. RADWANER
JEFFREY J. RECHER
CARL L. REISNER
LORIN L. REISNER
JEANIE S. RHEE*
WALTER G. RICCIARDI
WALTER RIEMAN
RICHARD A. ROSEN
ANDREW N. ROSENBERG
JUSTIN ROSENBERG
JACQUELINE P. RUBIN
CHARLES F. "RICK" RULE*
RAPHAEL M. RUSSO
ELIZABETH M. SACKSTEDER
JEFFREY D. SAFERSTEIN
JEFFREY B. SAMUELS
KENNETH M. SCHNEIDER
ROBERT B. SCHUMER
JOHN M. SCOTT
BRIAN SCRIVANI
KYLE T. SEIFRIED
KANNON K. SHANMUGAM*
CULLEN L. SINCLAIR
AUDRA J. SOLOWAY
SCOTT M. SONTAG
SARAH STASNY
TARUN M. STEWART
ERIC ALAN STONE
AIDAN SYNNOTT
BRETTE TANNENBAUM
RICHARD C. TARLOWE
MONICA K. THURMOND
DANIEL J. TOAL
LAURA C. TURANO
CONRAD VAN LOGGERENBERG
KRISHNA VEERARAGHAVAN
JEREMY M. VEIT
LIZA M. VELAZQUEZ
MICHAEL VOGEL
RAMY J. WAHBEH
JOHN WEBER
LAWRENCE G. WEE
THEODORE V. WELLS, JR.
LINDSEY L. WIERSMA
STEVEN J. WILLIAMS
LAWRENCE I. WITDORCHIC
AUSTIN WITT
MARK B. WLAZLO
ADAM WOLLSTEIN
JULIA TARVER MASON WOOD
JENNIFER H. WU
BETTY YAP*
JORDAN E. YARETT
KAYE N. YOSHINO
TONG YU
TRACEY A. ZACCONE
TAURIE M. ZEITZER
T. ROBERT ZOCHOWSKI, JR.

*NOT ADMITTED TO THE NEW YORK BAR
+ADMITTED ONLY TO THE CALIFORNIA BAR

**MEMO ENDORSED**

February 17, 2021

**BY ECF/EMAIL**

The Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

          *United States* v. *Anilesh Ahuja*, 18 Cr. 328 (KPF)

Dear Judge Failla:

        On behalf of Mr. Ahuja, we write briefly to address the declarations submitted by members of the prosecution team last Friday.[1]

        Although we continue to believe that an evidentiary hearing is necessary to complete the factual record, we understand that Your Honor already denied that request, and we do not intend to re-argue it here. We do, however, respectfully request that Your Honor consider certain limited additional fact-finding, including through live testimony or, in the alternative, through supplemental declarations. This is necessary to address

---

[1] We are in receipt of the Court's Order directing the parties to confer on a proposed briefing schedule for Mr. Ahuja's and Mr. Shor's anticipated motions, and will submit a proposed schedule by February 18.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Katherine Polk Failla     2

important questions of fact that remain unanswered, including questions that we believe the Court specifically ordered the government to answer. We describe two examples below.

      First, AUSA Naftalis's declaration states that he believes that he discussed Mr. Majidi's allocution with Mr. Majidi's counsel when they met immediately prior to Mr. Majidi's guilty plea. Specifically, Mr. Naftalis states that, "[b]ased on my review of documents, I believe that we discussed, in substance and in part, having Mr. Majidi, as well as [Mr. Majidi's counsel], sign the cooperation agreement, which they did before the plea proceeding began . . . , and the **allocution**." Naftalis Decl. ¶ 22 (emphasis added); *see also id.* ¶ 44 ("Having refreshed my recollection with documents, I now believe that we did speak shortly before the plea about having Mr. Majidi sign the cooperation agreement and the **allocution**." (emphasis added)).² But the declaration does not describe the substance of that part of the discussion that involved the allocution, and we believe the record should include AUSA Naftalis's best recollection of that conversation. We understood the Court's January 13 Order, which directed that each prosecutor identify "their involvement in any communications with . . . Mr. Majidi[] and/or his counsel regarding the substance of Mr. Majidi's allocution," January 13, 2021 Order at 3, to require disclosure of not only the fact of communications, but also the substance.

      Second, the Court directed the prosecutors to explain "the steps they took before representing in their June 8, 2019 letter to the Court that they had reviewed all communications with witnesses' attorneys, including steps taken to locate evidence of oral communications; whether they identified any of the undisclosed communications at the time; and, if so, why those communications were not disclosed." January 20, 2021 Order at 3. The declarations do not answer these questions. AUSA Naftalis, for example, states that he searched "(a) electronic files, (b) hard copy files, and (c) archived emails sent to and received from counsel for each of the cooperating witnesses." Naftalis Decl. ¶ 26. While that may explain why *internal* emails among the prosecutors were not produced at that time, it does not address the failure to produce external emails between the government and the cooperators' counsel, including the email in which Mr. Naftalis arranged to meet with Mr. Majidi's counsel ten minutes before the plea. Those emails presumably would have been identified through a search of "archived emails sent to and received from counsel for each of the cooperating witnesses." Pursuant to the Court's January 20 Order, AUSA Naftalis should address "whether [he] identified any of the undisclosed communications at the time; and, if so, why those communications were not disclosed."³

---

²     AUSA Naftalis refers to "documents" having refreshed his recollection that he and Mr. Majidi's counsel spoke about Mr. Majidi's allocution shortly before Mr. Majidi's plea. Naftalis Decl. ¶¶ 22, 44. We are not aware, however, of any documents reflecting discussion of the allocution during that meeting. We therefore ask that AUSA Naftalis identify what documents or other information refreshed his recollection of having discussed the allocution with Mr. Majidi's counsel on the day of Mr. Majidi's plea.

³     AUSA Griswold states that she did not locate a second draft allocution of cooperator Frank Dinucci because she stopped looking after finding the first draft. *See* Griswold

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Katherine Polk Failla                                                                                        3

      These and other outstanding questions are relevant to the motions Mr. Ahuja intends to make. The defense expects that the resolution of those motions will depend on the content of communications between the government and cooperating witnesses (and their counsel); whether and to what extent those communications were produced; whether and to what extent they should have been produced; and—to the extent they were not produced—why they were not produced.

      Regardless of the propriety of the government's communications with the cooperating witnesses and their counsel, government conduct that may have influenced the content of cooperators' proffer statements, plea allocutions, and trial testimony is, at a minimum, required to be memorialized and disclosed as *Brady/Giglio* material. We respectfully submit that these requested answers to the Court's questions will shed additional light on the government's compliance with its disclosure obligations and the evidence and arguments that could have been put before the jury.

      Even a limited evidentiary hearing would allow for a more complete record on these underlying questions. In the alternative, and without prejudice to this request, we ask that the Court at a minimum require supplemental declarations that fully respond to the Court's Orders of January 13 and 20, 2021, by addressing these points.

      Respectfully submitted,

      Roberto Finzi
      Richard C. Tarlowe

cc:    Counsel of Record

---

Decl. ¶ 34(a) & n.1. She does not address whether her search identified other undisclosed communications—including at least one email exchange specifically identified by the Court in its Order—and, if so, why those communications were not disclosed. *See* January 20, 2021 Order at 2-3 (directing prosecutors to explain "whether they identified any of the undisclosed communications at the time" and referencing "email exchange with counsel for Mr. Dinucci in which the government stated it would like a hard copy of Mr. Dinucci's proposed allocution to review").

The Court is in receipt of the letter dated January 22, 2021, from counsel for Defendant Shor (Dkt. #427), as well as the above letter from counsel for Defendant Ahuja (Dkt. #432).  The Court has reviewed the affidavits submitted by AUSA Naftalis, AUSA Griswold, and former AUSA Nicholas (Dkt. #428, 429, 430), is satisfied with their thoroughness, and sees no basis for doubting the veracity of the explanations provided.  The Court also concludes that the record is sufficiently developed for Defendants to proceed with their anticipated motions.  Accordingly, the Court declines to order live testimony or supplemental declarations as requested by Defendants.  The Court will endorse under separate cover the parties' proposed motion briefing schedule.

Dated:   February 19, 2021
         New York, New York

SO ORDERED.

*Katherine Polk Failla*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE