

Justin S. Weddle
212 - 997 - 5518 (o)
347 - 421 - 2062 (m)
jweddle@weddlelaw.com

April 2, 2021

**By ECF and Email**

Honorable Katherine Polk Failla
United States District Judge
40 Foley Square
New York, NY 10007

Re:     ***United States v. Ahuja and Shor*, 18 Cr. 328 (KPF)**

Dear Judge Failla:

On behalf of Jeremy Shor, we respectfully submit this letter motion to preserve for appellate review a request for monetary sanctions to provide relief for the financial harm suffered by Mr. Shor as a result of the government's at least reckless failure to memorialize, preserve, and produce *Brady/Giglio* material, and its at least reckless failure to provide accurate information to the Court. At the same time, we recognize that, under the Second Circuit's controlling authority, the request must be denied on this record.

Beyond ordering a new trial or dismissing the case, the Court has inherent and statutory authority to impose sanctions. *See United States v. Nejad*, 487 F. Supp. 3d 206, 224 (S.D.N.Y. 2020) (Nathan, J.) (noting the government's agreement that the Court had inherent authority to impose sanctions); 28 U.S.C. § 1927. Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

The government has now admitted that its representations to the Court were wrong, that its searches were inadequate, and that it failed to meet its disclosure obligations in significant ways. As set forth in the joint motion, the government's admissions barely scratch the surface, because each prosecutor on the trial team repeatedly made incorrect statements to the Court and to the parties that—to this day—stand uncorrected and unacknowledged. Because of the government's failures, the defense teams have been forced not only to prepare for and conduct the defense, but also to shoulder the additional burden of wresting disclosures



from the government through motion practice, third-party subpoenas, and FOIA requests, as well as the burden of seeking to discover the reasons for the government's disclosure failures and inaccurate representations to the Court. All of this has "unreasonably and vexatiously" multiplied the proceedings, and in addition to a new trial or dismissal (as argued in the joint motion), an award of attorney's fees, costs, and expenses is warranted to remedy the harm suffered.

Notwithstanding the plain language of the statute, the Second Circuit has interpreted the Court's authority to impose attorney's fees under its inherent power and Section 1927 to require a finding that the prosecutors acted in bad faith—"clear evidence that the challenged actions are entirely without color, and [are taken] for reasons of harassment or delay or for other improper purposes." *United States v. Seltzer*, 227 F.3d 36, 40 (2d Cir. 2000) (internal quotation marks omitted). The record before the Court demonstrates at the very least reckless disregard by the prosecutors of their duty of candor to the Court and their obligation to memorialize, preserve, and produce *Brady*/*Giglio* material, and therefore the record warrants dismissal of the case or a new trial. The record also demonstrates that the defendants have suffered harm in the form of the attorney's fees, costs, and expenses of the trial (based on incomplete evidence), the motion for bail pending appeal (based on an inaccurate factual record), the appeal briefing (also based on an inaccurate factual record), and the post-FOIA litigation regarding the government's disclosure failures and inaccurate representations to the Court. Even if the Court grants dismissal, these harms will remain unremedied; if the Court instead orders a new trial, these financial harms will be compounded.

We recognize that the record before the Court does not permit a finding that the prosecutors' actions were taken "for reasons of harassment or delay."[1] Accordingly, while we submit that sanctions, including an award of attorney's fees, costs, and expenses are appropriate, and preserve that argument for appeal, we recognize that the Court is bound by *Seltzer* to deny an award of attorney's fees.

It should be noted that under the Court's inherent power, the Court is permitted to impose sanctions on a party as well as on an attorney. And, while Section 1927 authorizes

---

[1] Nor does the record before the Court—which includes the prosecutors' declarations stating that their actions were taken in good faith or inadvertently, but no adversarial testing of those claims, *see* ECF 427 (Shor letter objecting to the Court's decision not to conduct a hearing or other adversarial testing, but instead to require only declarations from the trial prosecutors)—permit a finding of good faith by the prosecutors. *See United States v. Spinelli*, 551 F.3d 159, 166 (2d Cir. 2008) (holding that the Court "cannot affirm" on the basis of the district court's finding of no knowledge of perjury based only on the prosecutors' sworn affidavits, because they were never subjected to adversarial testing, and instead assuming that the prosecutors engaged in knowing use of perjured testimony).



only a sanctions order against an attorney, the Department of Justice is permitted to indemnify its attorneys, *see* 28 C.F.R. § 50.15(c); Justice Manual § 4-5.412, and we submit that no other result would be appropriate here. In other words, either by discretionary indemnification by the Department of Justice, or under the Court's inherent powers, the sanctions should be paid by the Department, not individual prosecutors, because the Department is responsible for the failures here and for the financial harm visited on the defendants as a result.


Respectfully submitted,

Justin S. Weddle