UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>-v.-<br><br>ANILESH AHUJA and JEREMY SHOR,<br><br>Defendants. | 18 Cr. 328 (KPF)<br><br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

The Court is in receipt of the parties' correspondence of March 9, 2022, which addressed possible plea offers for Mr. Ahuja and Mr. Shor. As a preliminary matter, the Court's calendar on Friday, March 11, 2022, is currently full, and includes a hearing on a temporary restraining order. The Court understands that counsel for the parties have scheduling conflicts during the weeks of March 14 and 21, 2022, and will not therefore schedule any proceedings during those weeks.

The broader issue is that the plea offers, as the Court understands them, reflect markedly different positions from the Government than those taken during the trial, the sentencing proceedings, and the post-trial motion practice. In particular, the Court perceives a significant disparity between the sentences called for by those plea agreements and the evidence and arguments it received during the trial and sentencing phases of the case. Moreover, the plea agreements have been drafted pursuant to Fed. R. Crim. P. 11(c)(1)(C), which, as the Second Circuit recently observed,

> permits a defendant to plead guilty pursuant to a plea agreement that provides "a specific sentence or sentencing range" that will bind the court once the court

> accepts the agreement; in the event the court rejects the sentence specified in that agreement, Rule 11(c)(5) requires the court to give the defendant an opportunity to withdraw his guilty plea.

*United States* v. *Overton*, 24 F.4th 870, 873 (2d Cir. 2022).

"In the usual course, the court will accept a defendant's guilty plea as soon as it is entered, but will defer acceptance of the plea agreement until it has reviewed the pre-sentence report." *United States* v. *Lopez*, 385 F.3d 245, 249 (2d Cir. 2004) (citing U.S.S.G. § 6B1.1(c); Fed. R. Crim. P. 11(c)(3)(A)); *see also* Fed. R. Crim. P. 11(c)(3)-(5) (giving court the option, where the agreement is one under Rule 11(c)(1)(A) or (C), to "accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report," and setting forth procedures in the event that the court accepts, or rejects, the plea agreement). However, the parties have asked the Court to conduct simultaneous plea and sentencing proceeding for Mr. Shor and Mr. Ahuja on the same date; as a practical matter, therefore, the time for the Court to evaluate the plea offers is now.

The Court recognizes the impropriety of involving itself in plea negotiations. *See* Fed. R. Crim. P. 11(c)(1) ("An attorney for the government and the defendant's attorney, or the defendant when proceeding *pro se*, may discuss and reach a plea agreement. The court must not participate in these discussions."). That said, it is loath to accept the plea offers on the record before it, both for the reasons discussed above and because of the potential impact on the sentencings of the various co-defendants. It may well be the case that circumstances have changed since the trial and sentencings in this

matter — changes to the quantum of evidence, the status of witnesses, prosecutive decisions regarding the allocation of scarce resources, or to the parties and their counsel. For this reason, the Court invites the parties to submit, in writing, any information that would assist the Court in its determination of whether to accept the proposed plea offers. Because such information may be sensitive in nature, the parties are authorized, if they wish, to file their submissions *ex parte*. Any party wishing to make such a submission shall do so on or before **March 31, 2022.**

    SO ORDERED.

Dated:  March 10, 2022
         New York, New York

                                      KATHERINE POLK FAILLA
                                      United States District Judge